1 | Harry P. "Hap" Weitzel (SBN 149934)
2 | Jeffrey M. Goldman (SBN 233840)
Pepper Hamilton LLP
3 | 4 Park Plaza, Suite 1200
Irvine, California  92614
4 | Telephone: 949.567.3500
Fax: 949.863.0151
5 | E-mail: weitzelh@pepperlaw.com
6 | E-mail: goldmanj@pepperlaw.com

ORIGINAL
FILED

2011 MAR -2 P 12: 51

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

7 |

8 | Attorneys for ADT SECURITY SERVICES INC.

9 | and ADT SECURITY SYSTEMS, WEST, INC.

*E-filing*

10 |

11 | **UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

*EMC*

12 | JOHN FAULKNER, on behalf of
13 | himself and all others similarly
situated,
14 |

15 |       Plaintiff,

16 |     v.

17 | ADT SECURITY SERVICES, INC.;
18 | ADT SECURITY SYSTEMS,
WEST, INC.; TYCO
19 | INTERNATIONAL (U.S.) INC. and
DOES 1 through 10,
20 |

21 |       Defendants.

Case No.

Honorable:  ____ **CV11   0968**

Crtrm.: _____

**DEFENDANTS ADT SECURITY
SERVICES, INC. AND ADT
SECURITY SYSTEMS, WEST,
INC.'S NOTICE OF REMOVAL OF
ACTION PURSUANT TO 28 U.S.C.
§§ 1332, 1441, 1446, AND 1453
(DIVERSITY JURISDICTION –
CLASS ACTION FAIRNESS ACT
OF 2005)**

22 |
23 |
24 |
25 |
26 |
27 |
28 |

#13859577 v2

DEFENDANTS ADT SECURITY SERVICES, INC. AND ADT SECURITY SYSTEMS, WEST, INC.'S NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§1332, 1441, 1446, AND 1453 (DIVERSITY JURISDICTION – CLASS ACTION FAIRNESS ACT)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TO THE CLERK OF THE ABOVE ENTITLED COURT:

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332(d), 1441(b), 1446 and 1453, Defendants ADT Security Services, Inc.; and ADT Security Systems, West, Inc. ("Defendants") hereby remove to this Court the state court action described below.

1.     On February 3, 2011, an action was commenced in the Superior Court in the State of California in and for the County of San Mateo ("San Mateo Superior Court") entitled *John Faulkner, on behalf of himself and all others similarly situated, vs. ADT Security Services, Inc.; ADT Security Systems, West, Inc.; Tyco International (U.S.) Inc.; and Does 1 through 10*, as Case No. CIV 502920 (the "State Court Action"). A true and correct copy of the Complaint filed in the State Court Action (including the Certificate Re: Complex Case Designation; the Notice of Case Management Conference; the Case Management Statement; the Appropriate Dispute Resolution (ADR) information sheet; the ADR Stipulation and Evaluation Instructions; the Stipulation and Order to Appropriate Dispute Resolution; a copy of Division 2, chapters 1 through 7 of the San Mateo Superior Court local rules; the Request for Court Call Telephonic Appearance; and the Notice of Complex Case Status Conference) and the Civil Case Cover Sheet with respect to the Complaint are attached hereto, respectively, as Exhibits 1 and 2.

2.     On February 3, 2011, a Summons was issued by the San Mateo Superior Court with respect to the State Court Action. A true and correct of the Summons is attached hereto as Exhibit 3. Furthermore, proofs of personal service of the summons and complaints upon ADT Security Systems, West, Inc.; ADT Security Services, Inc.; and Tyco International (US), Inc., which were filed by Plaintiff in the San Mateo Superior Court, are attached hereto, respectively, as Exhibits 4, 5, and 6.

3.     On February 7, 2011, Plaintiff John Faulkner's ("Plaintiff")
registered process server personally served Plaintiff's Complaint upon Defendants'
registered agent for service of process in California.  Accordingly, <u>this Petition for
Removal is timely as it is filed within thirty (30) days of the receipt of the
Complaint by Defendants on February 7, 2011.</u>  *See* 28 U.S.C. §1446(b).

4.     To the best of Defendants' knowledge, no further proceedings
have taken place in the State Court Action, other than the filing and/or service of
the documents attached as Exhibits 1 through 3.

5.     **<u>Federal Diversity Jurisdiction Exists Under the Class Action
Fairness Act of 2005</u>**.  This is a civil action which may be removed to this Court by
Defendants pursuant to the provisions of 28 U.S.C. §§ 1332(d), 1441, and 1453 in
that the matter in controversy exceeds the sum or value of $5 million, exclusive of
interest and costs, and is a class action in which, at the time the complaint was filed
and at the time of this removal, any member of a class of plaintiffs is a citizen of a
State different from any defendant, as shown in more detail below.

6.     **<u>Matter in controversy in excess of $5,000,000</u>**:  In the
Complaint, Plaintiff seeks damages in the amount of "$5,000 per incident of
violation of Penal Code §§631-632." *See* Complaint, Prayer for Relief, ¶ 2.
Furthermore, Plaintiff alleges that his putative class "includes thousands of
members." *See* Complaint, ¶ 16. The $5 million jurisdictional minimum required
to remove a complaint under the Class Action Fairness Act of 2005 may be based
on aggregation of the claims of all potential class members. 28 U.S.C. §1332(d).
$5,000 times at least 1,001 putative class members equals an amount in excess of
$5 million.

7.     **<u>Diversity of Citizenship</u>**:  At all times herein mentioned,
Plaintiff Faulkner was and still is a citizen of the State of California, where he
resides. *See* Complaint, ¶ 5. He seeks to represent a class of "[a]ll persons and
entities <u>in California</u> whose telephone conversations with ADT Security Services,

1  Inc.; ADT Security Systems, West, Inc.; and/or Tyco International (U.S.) Inc. ...

2  were recorded by one or more of the Defendants without their consent to the

3  recording of their conversations." (emphasis added). At all times herein

4  mentioned, Defendant <u>ADT Security Services, Inc.</u> was, at the time of filing of the

5  State Court Action, and still is as of the date of this removal, a citizen of the States

6  of Florida and Delaware; is incorporated, organized, and existing under the laws of

7  the State of Delaware; and has its principal place of business in Boca Raton,

8  Florida. *See* Plaintiff's Complaint at ¶ 6. Likewise, Defendant <u>ADT Security</u>

9  <u>Systems, West, Inc.</u> was, at the time of filing of the State Court Action, and still is

10  as of the date of this removal, a citizen of the States of Florida and Delaware; is

11  incorporated, organized, and existing under the laws of the State of Delaware; and

12  has its principal place of business in Boca Raton, Florida. *See id.* Thus, diversity

13  exists between the only named Plaintiff, a citizen of California, and two different

14  Defendants, which are citizens of New Jersey and Florida. Accordingly, there is

15  sufficient "minimal diversity" under the Class Action Fairness Act of 2005 to merit

16  removal. Joinder in this removal by the third named defendant, Tyco International

17  (US) Inc. is not necessary under 28 U.S.C. § 1453; rather, any defendant may

18  remove a class action under that statute without the need to join other defendants.[1]

19  ///

20  ///

21  ///

22

23  [1]  It appears that plaintiff have improperly named Tyco International (US) Inc.

24  as a defendant in this case. While naming ADT's parent company, Tyco
International Ltd. would also be improper because it did not engage in the conduct

25  at issue in the complaint, Tyco International (US) Inc. is not affiliated with Tyco

26  International Ltd., and the undersigned does not represent Tyco International (US)
Inc. Defendants also note that ADT Security Systems, West, Inc. is an improper

27  defendant as it no longer conducts business.

28

8.      Pursuant to the requirements of 28 U.S.C. §1446(d), Defendants will promptly give notice of filing this Notice of Removal to Plaintiff through his counsel of record and will promptly file with the clerk of the San Mateo Superior Court a copy of the Notice of Removal.

Dated:       March 1, 2011

PEPPER HAMILTON LLP

By: _____

Jeffrey M. Goldman
Attorney for ADT Security
Services, Inc.; and ADT Security
Systems, West, Inc.

#13859577.v2

-5-

DEFENDANTS ADT SECURITY SERVICES, INC. AND ADT SECURITY SYSTEMS, WEST, INC.'S NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§1332, 1441, 1446, and 1453 (DIVERSITY JURISDICTION – CLASS ACTION FAIRNESS ACT)

**EXHIBIT 1**

Brian R. Strange, Bar No. 103252
lacounsel@earthlink.net
Gretchen Carpenter, Bar No. 180525
gcarpenter@strangeandcarpenter.com
Tamina Madsen, Bar No. 252325
tmadsen@strangeandcarpenter.com
STRANGE & CARPENTER
12100 Wilshire Blvd., Suite 1900
Los Angeles, California 90025
Tel: (310) 207-5055
Fax: (310) 826-3210

Attorneys for Plaintiff

(ENDORSED)
**FILED**
SAN MATEO COUNTY

FEB - 9 2011

Clerk of the Superior Court
By
G. Lacey
DEPUTY CLERK

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN MATEO          FILE BY FAX

| | |
|---|---|
| JOHN FAULKNER, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> ADT SECURITY SERVICES, INC.; ADT SECURITY SYSTEMS, WEST, INC.; TYCO INTERNATIONAL (US) INC.; and DOES 1 through 10, <br><br> Defendants. | Case No.  CIV 502920 <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR:** <br> 1.  VIOLATION OF CALIFORNIA PENAL CODE § 632; AND <br> 2.  VIOLATION OF CALIFORNIA PENAL CODE § 631 <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff John Faulkner ("Plaintiff"), on behalf of himself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

1

Class Action Complaint

## NATURE OF THE CASE

1.     This is a class action brought on behalf of all persons and entities in California whose telephone conversations with ADT Security Services, Inc.; ADT Security Systems, West, Inc.; and/or Tyco International (US) Inc. (collectively, "Defendants") were recorded by one or more of the Defendants without their consent to the recording of their conversations.

## JURISDICTION AND VENUE

2.     This Court has personal jurisdiction over Defendants. Defendants conducted business within the State of California, purposely availed themselves of the benefits and protections of the State of California, and/or have sufficient contact with this State such that maintenance of this action in this locale would be consistent with traditional notions of fair play and substantial justice.

3.     Venue is proper here because Defendant Tyco International (US) Inc. ("Tyco") maintains its principal place of business in San Mateo County, California.

4.     Venue is also proper here because all Defendants do business in San Mateo County, California.

## PARTIES

5.     Plaintiff John Faulkner is a resident of California whose telephone conversations with one or more of Defendants were recorded without his consent.

6.     Defendants ADT Security Services, Inc. and ADT Security Systems, West, Inc. (collectively, "ADT") are Delaware corporations with their principal place of business in Boca Raton, Florida. ADT is registered to do business in California. Plaintiff is informed and believes that ADT conducted business in San Mateo County.

7.     Tyco is a Massachusetts corporation with its principal place of business in Menlo Park, California. Tyco is registered to do business in California. Plaintiff is informed and believes that Tyco wholly owned and controlled ADT at all relevant times and conducted business in San Mateo County.

8.     The above named Defendants, and their subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as

2

1  DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore

2  sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is

3  legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to

4  amend the Complaint to reflect the true names and capacities of the DOE Defendants when such

5  identities become known.

6      9.      Plaintiff is informed and believes that at all relevant times, each and every

7  Defendant was acting as an agent and/or employee of each of the other Defendants and was

8  acting within the course and scope of said agency and/or employment with the full knowledge

9  and consent of each of the other Defendants. Plaintiff is informed and believes that each of the

10  acts and/or omissions complained of herein was made known to, and ratified by, each of the

11  other Defendants.

12                          **FACTUAL ALLEGATIONS**

13      10.     On or about March 4, 2010, Plaintiff contacted his home security provider, ADT,

14  via telephone to dispute a charge assessed by ADT. He was transferred to ADT's technical line,

15  at which point he began hearing periodic beeping sounds during his conversation with the ADT

16  representative. Upon inquiring about the beeping sounds, Plaintiff was informed by the

17  representative that his telephone conversation was being recorded by ADT.

18      11.     Plaintiff informed the representative that he had not previously been notified that

19  the conversation was being recorded; that he had not consented to the recording of his

20  conversation; and that he did not wish to continue the conversation if ADT was going to record

21  it. The representative informed him that he would have to contact the customer service line to

22  discuss the issue.

23      12.     Plaintiff thereupon telephoned ADT's customer service line. He explained to the

24  customer service representative that he had not consented to the recording of his telephone calls

25  and that he wished to speak with an ADT representative on a telephone line that was not being

26  recorded. The representative informed him that ADT's company policy was to record all

27  telephone calls with its customers, and that there was no way he could telephonically

28  communicate with ADT without his conversations being recorded. The representative also

1   informed him that if he would not consent to the recording of his telephone conversation, then he

2   would need to hang up the telephone.

3   ## CLASS ACTION ALLEGATIONS

4   13.    Plaintiff brings this action pursuant to Code of Civil Procedure section 382 and/or

5   other applicable law on behalf of himself and all others similarly situated, as a member of the

6   proposed class (hereafter the "Class") defined as follows:

7       All persons and entities in California whose telephone conversations with ADT
        Security Services, Inc.; ADT Security Systems, West, Inc.; and/or Tyco
8       International (US) Inc. (collectively, "Defendants") were recorded by one or more
        of the Defendants without their consent to the recording of their conversations.
9

10  14.    Specifically excluded from the proposed Class are Defendants; any entities in

11  which Defendants have a controlling interest; and the employees, officers, directors, affiliates,

12  legal representatives, subsidiaries, and affiliates of Defendants.

13  15.    This action is brought and may be properly maintained as a class action. This

14  action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements

15  for a class action.

16  16.    The Class is so numerous that the individual joinder of all of its members is

17  impractical. While the exact number and identities of the Class members are unknown to

18  Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is

19  informed and believes and thereon alleges that the Class includes thousands of members.

20  Plaintiff alleges that the Class may be ascertained by the records maintained by Defendants.

21  17.    Common questions of fact and law exist as to all members of the Class which

22  predominate over any questions affecting only individual members of the Class. These common

23  legal and factual questions, which do not vary between Class members, and which may be

24  determined without reference to the individual circumstances of any Class member, include, but

25  are not limited to, the following:

26      a.    Whether Defendants intentionally recorded telephone conversations

27  between their representatives and Class members;

28      b.    Whether Defendants obtained permission to record telephone

4

Class Action Complaint

1   conversations between their representatives and Class members;

2          c.       Whether the telephone conversations between Defendants' representatives

3   and Class members were confidential communications;

4          d.       Whether Defendants intentionally tapped or made unauthorized

5   connections with any telephone lines conveying communications between their representatives

6   and Class members;

7          e.       Whether Defendants willfully read or attempted to learn the contents of

8   any communications between their representatives and Class members while the communications

9   were in transit without obtaining the consent of all parties to the communication;

10          f.       With respect to telephone communications between their representatives

11   and Class members, whether Defendants used or attempted to use for any purpose any

12   information obtained by intentionally tapping or making connections with any telephone lines

13   conveying such communications, or reading or attempting to learn the contents of such

14   communications in transit without obtaining the consent of all parties;

15          g.       Whether Defendants aided, agreed with, employed, or conspired with any

16   person to unlawfully tap, read, or attempt to learn the contents of telephone communications

17   between their representatives and Class members;

18          h.       Whether Defendants' conduct described herein violated California's

19   Invasion of Privacy Laws; and

20          i.       The nature and extent of damages and other remedies to which the conduct

21   of Defendants entitles the Class members.

22      18.    Plaintiff's claims are typical of the claims of members of the Class, as Plaintiff

23   was subject to Defendants' same common course of conduct as all other Class members.  The

24   injuries of each member of the Class were caused directly by Defendants' wrongful conduct as

25   alleged herein.

26      19.    Plaintiff will fairly and adequately protect the interests of the members of the

27   Class.  Plaintiff has retained attorneys experienced in the prosecution of class actions.

28      20.    A class action is superior to other available methods of fair and efficient

Class Action Complaint

1  adjudication of this controversy, since individual litigation of the claims of all Class members is

2  impracticable. Even if every Class member could afford individual litigation, the court system

3  could not. It would be unduly burdensome to the courts in which individual litigation of

4  numerous issues would proceed. Individualized litigation would also present the potential for

5  varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all

6  parties and to the court system resulting from multiple trials of the same complex factual issues.

7  By contrast, the conduct of this action as a class action, with respect to some or all of the issues

8  presented herein, presents fewer management difficulties, conserves the resources of the parties

9  and of the court system, and protects the rights of each Class member.

10      21.     The prosecution of separate actions by thousands of individual Class members

11  would also create the risk of inconsistent or varying adjudications with respect to, among other

12  things, the need for and the nature of proper notice which Defendants must provide to all Class

13  members prior to recording telephone calls.

14      22.     The prosecution of separate actions by individual Class members would create a

15  risk of adjudications with respect to them that would, as a practical matter, be dispositive of the

16  interests of the other Class members not parties to such adjudications or that would substantially

17  impair or impede the ability of such non-party Class members to protect their interests.

18      23.     Defendants have acted or refused to act in respects generally applicable to the

19  Class, thereby making appropriate final and injunctive relief with regard to the members of the

20  Class as a whole.

21               **FIRST CAUSE OF ACTION**

22      **VIOLATION OF CALIFORNIA'S INVASION OF PRIVACY LAWS,**

23              **CALIFORNIA PENAL CODE § 632**

24            (By Plaintiff and the Class Against All Defendants)

25      24.     Plaintiff hereby incorporates the preceding paragraphs as if set forth in full.

26      25.     California Penal Code § 632 prohibits the intentional eavesdropping or recording,

27  by means of any electronic amplifying or recording device, of confidential telephonic

28  communications without the consent of all parties to the communication.

26.     Plaintiff is informed and believes that Defendants violated and continue to violate Penal Code § 632 by recording confidential telephonic communications between their representatives and Class members without first obtaining their consent.

27.     Pursuant to Penal Code § 632, the telephonic conversations between Defendants' representatives and Class members are "confidential" because they are carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto.

28.     As a direct and proximate result of Defendants' violations of Penal Code § 632, Plaintiff and the members of the Class have suffered injury, and may recover from Defendants five thousand dollars for each violation of Penal Code § 632 pursuant to Penal Code § 637.2(a).

29.     The violations of Penal Code § 632 described herein present a continuing threat to members of the Class and members of the general public in that Plaintiff is informed and believes that Defendants continue to engage in these practices, and will not cease doing so unless and until forced to do so by this Court. Plaintiff is informed and believes that Defendants' conduct will continue to cause irreparable injury to the Class unless enjoined or restrained pursuant to Penal Code § 637.2(a).

## SECOND CAUSE OF ACTION

## VIOLATION OF CALIFORNIA'S INVASION OF PRIVACY LAWS,

## CALIFORNIA PENAL CODE § 631

(By Plaintiff and the Class Against All Defendants)

30.     Plaintiff hereby incorporates the preceding paragraphs as if set forth in full.

31.     California Penal Code § 631 prohibits the intentional tapping or making of any unauthorized connections with any telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system. California Penal Code § 631 also prohibits communicating, using, and attempting to use, for any purpose, any information so obtained.

32.     Penal Code § 631 also prohibits reading, attempting to read, or attempting to learn the contents or meaning of any communications while the same is in transit or being passed over

Class Action Complaint

1   any wire, line, or cable, or is being sent from, or received at any place within California without

2   the consent of all parties to the communication. California Penal Code § 631 also prohibits

3   communicating, using, and attempting to use, for any purpose, any information so obtained.

4       33.    Penal Code § 631 also prohibits aiding, agreeing with, employing, or conspiring

5   with any person to unlawfully do, permit, or cause to be done any of the acts outlined in

6   Paragraphs 31 and 32 above.

7       34.    Plaintiff is informed and believes that Defendants violated and continue to violate

8   Penal Code § 631 by engaging in the following practices:

9           a.    intentionally tapping or making unauthorized connections with telephonic

10  communications between their representatives and Class members without the consent of all

11  parties;

12          b.    attempting to learn the contents of telephonic communications between

13  their representatives and Class members without the consent of all parties;

14          c.    using and attempting to use information derived from their tapping and

15  attempts to learn the contents of telephonic communications between their representatives and

16  Class members without the consent of all parties; and

17          d.    aiding, agreeing with, employing, and/or conspiring with persons to permit

18  and cause the acts outlined in (a)-(c) above.

19      35.    As a direct and proximate result of Defendants' violations of Penal Code § 631,

20  Plaintiff and the members of the Class have suffered injury, and may recover from Defendants

21  five thousand dollars for each violation of Penal Code § 631 pursuant to Penal Code § 637.2(a).

22      36.    Plaintiff is informed and believes that the violations of Penal Code § 631

23  described herein present a continuing threat to members of the Class and members of the general

24  public in that Defendants continue to engage in these practices, and will not cease doing so

25  unless and until forced to do so by this Court. Plaintiff is informed and believes and thereon

26  alleges that Defendants' conduct will continue to cause irreparable injury to the Class unless

27  enjoined or restrained pursuant to Penal Code § 631.

28

Class Action Complaint

## PRAYER FOR RELIEF

WHEREFORE, on behalf of himself and all others similarly situated, Plaintiff prays for the following relief:

1. An order certifying this action as a class action and appointing Plaintiff and his counsel to represent the Class;

2. Damages and statutory damages of five thousand dollars per incident of violation of Penal Code §§ 631-632;

3. Prejudgment and post-judgment interest;

4. Preliminary and permanent injunctive relief prohibiting Defendants from continuing the illegal acts alleged herein;

5. Reasonable costs and attorneys' fees as permitted by law; and

6. Such other and further relief as the Court may deem proper.

DATED: February 3, 2011

Respectfully submitted,

STRANGE & CARPENTER

By _____
Brian R. Strange
Gretchen Carpenter
Attorneys for Plaintiff


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of each and every claim so triable.

DATED: February 3, 2011

Respectfully submitted,

STRANGE & CARPENTER

By _____
Brian R. Strange
Gretchen Carpenter
Attorneys for Plaintiff

Class Action Complaint

| | |
|---|---|
| Attorney or Party without Attorney (Name/Address)<br>Brian R. Strange, 103252; Gretchen Carpenter, 180525<br>STRANGE & CARPENTER<br>12100 Wilshire Blvd., Suite 1900, Los Angeles, CA 90025<br>Telephone: (310) 207-5055<br>State Bar No.: 103252<br>Attorney for: Plaintiff | FOR COURT USE ONLY<br><br>(ENDORSED)<br>FILED<br>SAN MATEO COUNTY<br><br>FEB - 8 2011<br><br>Clerk of the Superior Court<br>By ____ G. Leovy<br>DEPUTY CLERK |
| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN MATEO<br>400 COUNTY CENTER<br>REDWOOD CITY, CA  94063 | |
| Plaintiff<br>John Faulkner, on behalf of himself and all others similarly situated | |
| Defendant<br>ADT Security Services, Inc., et al. | |
| Certificate Re Complex Case Designation | Case Number<br>CIV 5 0 2 9 2 0<br>FILE BY FAX |

# This certificate must be completed and filed with your Civil Case Cover Sheet if you have checked a Complex Case designation or Counter-Designation

1.  In the attached Civil Case Cover Sheet, this case is being designated or counter-designated as a complex case [or as not a complex case] because at least one or more of the following boxes has been checked:

    ☐ Box 1 – Case type that is best described as being [or not being] provisionally complex civil litigation (i.e., antitrust or trade regulation claims, construction defect claims involving many parties or structures, securities claims or investment losses involving many parties, environmental or toxic tort claims involving many parties, claims involving mass torts, or insurance coverage claims arising out of any of the foregoing claims).

    ☒ Box 2 – Complex [or not complex] due to factors requiring exceptional judicial management

    ☒ Box 5 – Is [or is not] a class action suit.

2.  This case is being so designated based upon the following supporting information [including, without limitation, a brief description of the following factors as they pertain to this particular case: (1) management of a large number of separately represented parties; (2) complexity of anticipated factual and/or legal issues; (3) numerous pretrial motions that will be time-consuming to resolve; (4) management of a large number of witnesses or a substantial amount of documentary evidence; (5) coordination with related actions

CV-59 [Rev. 1/06]

www.sanmateocourt.org

pending in one or more courts in other counties, states or countries or in a federal court;
(6) whether or not certification of a putative class action will in fact be pursued; and (7)
substantial post-judgment judicial supervision]:

This class action is brought pursuant to Code of Civil Procedure section 382 and/or other applicable

law. This case is complex under Rule 3.400 of the California Rules of Court and will require

extensive motion practice raising difficult or novel issues that will be time-consuming to resolve,

complexity of anticipated factual and/or legal issues, and substantial amount of documentary

evidence.

*(attach additional pages if necessary)*

3.    Based on the above-stated supporting information, there is a reasonable basis for the complex
      case designation or counter-designation [or noncomplex case counter-designation] being made
      in the attached Civil Case Cover Sheet.


*****


I, the undersigned counsel or self-represented party, hereby certify that the above is true and correct
and that I make this certification subject to the applicable provisions of California Code of Civil
Procedure, Section 128.7 and/or California Rules of Professional Conduct, Rule 5-200 (B) and San
Mateo County Superior Court Local Rules, Local Rule 2.30.


Dated:   February 3, 2011


Gretchen Carpenter
_____            _____
[Type or Print Name]                        [Signature of Party or Attorney For Party]


CV-59 [Rev. 1/06]                                            www.sanmateocourt.org

# NOTICE OF CASE MANAGEMENT CONFERENCE

_(ENDORSED)_
_FILED_
_SAN MATEO COUNTY_

_FEB - 3 2011_

_Clerk of the Superior Court_
_By G. Lacey_
_DEPUTY CLERK_

**Faulkner**

vs.

**ADT**

Case No. **CIV 502920**

Date: **6.2.11**

Time: 9:00 a.m.

Dept **L** on Tuesday & Thursday
Dept.  - on Wednesday & Friday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1. In accordance with applicable California Rules of Court and Local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:
   a. Serve all named defendants and file proofs of service on those defendants with the court within 60 days of filing the complaint (CRC 201.7).
   b. Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action.
   c. File and serve a completed Case Management Statement at least 15 days before the Case Management Conference [CRC 212(g)]. Failure to do so may result in monetary sanctions.
   d. Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 212(f) no later than 30 days before the date set for the Case Management Conference.

2. If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order To Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.

3. Continuances of case management conferences are highly disfavored unless good cause is shown.
4. Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation To ADR and Proposed Order (see attached form.). If plaintiff files a Stipulation To ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a completed stipulation to case management conference (e.g., mediation) 10 days prior to the first scheduled case management conference, the case management conference will be continued for 90 days to allow parties time to complete their ADR session. The court will notify parties of their new case management conference date.
5. If you have filed a default or a judgment has been entered, your case is not automatically taken off the Case Management Conference Calendar. If "Does", "Roes", etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.
6. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.
7. The Case Management judge will issue orders at the conclusion of the conference that may include:
   a. Referring parties to voluntary ADR and setting an ADR completion date;
   b. Dismissing or severing claims or parties;
   c. Setting a trial date.
8. The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court website at www.sanmateocourt.org.

* Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least 5 business days prior to the scheduled conference. (see attached CourtCall information).

CM-110

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):

TELEPHONE NO.:     FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FOR COURT USE ONLY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN MATEO
STREET ADDRESS: 400 COUNTY CENTER
MAILING ADDRESS: 400 COUNTY CENTER
CITY AND ZIP CODE: REDWOOD CITY, CA 94063
BRANCH NAME: SOUTHERN

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| (Check one): ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date:     Time:     Dept.:     Div.:     Room:
Address of court (if different from the address above):

☐ Notice of Intent to Appear by Telephone, by (name):

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (name):
   b. ☐ This statement is submitted jointly by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date):
   b. ☐ The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (specify names and explain why not):
      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):
      (3) ☐ have had a default entered against them (specify names):
   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and the date by which they may be served):

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint    (Describe, including causes of action):

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2009]

**CASE MANAGEMENT STATEMENT**

Page 1 of 4
Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

|  | **CM-110** |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
   The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date)*:
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain)*:

   c. ☐ Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability)*:

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one)*:
   a. ☐ days *(specify number)*:
   b. ☐ hours (short causes) *(specify)*:

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. Fax number:
   f. E-mail address:
   g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section)*:

10. **Alternative Dispute Resolution (ADR)**
    a. Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
    b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date)*:
    c. ☐ The case has gone to an ADR process *(indicate status)*:

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.   The party or parties are willing to participate in (check all that apply):

(1) ☐ Mediation

(2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

(3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

(4) ☐ Binding judicial arbitration

(5) ☐ Binding private arbitration

(6) ☐ Neutral case evaluation

(7) ☐ Other (specify):

e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court (specify exemption):

**11. Settlement conference**

☐ The party or parties are willing to participate in an early settlement conference (specify when):

**12. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement (name):

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case (explain):

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
☐ Bankruptcy ☐ Other (specify):
Status:

**14. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.
(1) Name of case:
(2) Name of court:
(3) Case number:
(4) Status:
☐ Additional cases are described in Attachment 14a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by (name party):

**15. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action (specify moving party, type of motion, and reasons):

**16. Other motions**

☐ The party or parties expect to file the following motions before trial (specify moving party, type of motion, and issues):

**CASE MANAGEMENT STATEMENT**

| | CM-110 |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT | |

17. **Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified (describe all anticipated discovery):

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues are anticipated (specify):

18. **Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):

19. **Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference (specify):

20. **Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court (if not, explain):

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following (specify):

21. Total number of pages attached (if any): _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____   ▶ _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY)

_____   ▶ _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CM-110 [Rev. January 1, 2009]          **CASE MANAGEMENT STATEMENT**          Page 4 of 4

# Appropriate Dispute Resolution (ADR) Information Sheet
## Superior Court of California, San Mateo County

*Appropriate Dispute Resolution (ADR) is a way of solving legal problems without going to trial. All types of disputes can be resolved through ADR. The Court encourages you to use some form of ADR before you proceed to trial. The most popular form of ADR is mediation. The Multi-Option ADR Project can help you choose the option that is best for your case and refer you to an experienced ADR provider.*

## What are the Advantages of Using ADR?

- *Faster* – Traditional litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control & flexibility* – Parties choose the ADR process most appropriate for their case.

- *Cooperative & less stressful* – In mediation, parties cooperate to find a mutually agreeable solution to their dispute.

## What are the Disadvantages of Using ADR?

- *You may go to Court anyway* – If you can't resolve your case using ADR, you may still have to spend time and money on your lawsuit.

- *Not free* – The neutrals charge fees (except in judicial arbitration), but you may qualify for financial aid.

## Are There Different Kinds of ADR?

- **Mediation** - A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options and agree on a solution that is acceptable to all sides.

- **Judicial Arbitration** – Is an informal hearing where a neutral person (arbitrator) reviews the evidence, hears arguments and makes a decision on your case. In non-binding judicial arbitration, parties have the right to reject the arbitrator's decision and proceed to trial. For more information regarding judicial arbitration, please see the attached sheet or call (650) 363-4896.

- **Binding Arbitration** - The parties agree ahead of time to accept the arbitrator's decision as final. Parties who choose binding arbitration give up their right to go to Court and their right to appeal the arbitrator's decision.

- **Neutral Evaluation** - A neutral person (evaluator) listens to the parties, asks them questions about their case, reviews evidence and may hear witness testimony. The evaluator helps the parties identify the most important legal issues in their case and gives them an analysis of the strengths and weaknesses of each side's case. Special neutral evaluation guidelines are available on the Court's website at www.sanmateocourt.org/adr

- **Settlement Conference** – Although similar to mediation, the neutral (a judge) may take more control in encouraging parties to settle. Settlement conferences take place at the courthouse. All cases have a mandatory settlement conference approximately 2-3 weeks before the trial date. For questions regarding settlement conferences, call (650) 599-1076.

Form adopted for Mandatory Use
Local Court Form ADR-CV-9 [New September, 2007]                    [CA Rule of Court §3.221]
                                                                    www.sanmateocourt.org

## How Does Voluntary Mediation/Neutral Evaluation Work in San Mateo County?

- The person who files the lawsuit (the plaintiff) must include this ADR Information Sheet with the complaint when serving the defendants in the case.

- All the parties in your case will meet with a judge at your first Case Management Conference (CMC), which is scheduled within 120 days of the filing of the complaint. The judge will speak to you about your voluntary ADR options, encourage you to participate in ADR and ask you to meet with Court ADR staff.

- If you and the parties decide to use ADR, Local Rule 2.3(i)(3) states that you must file a *Stipulation and Order to ADR* with the Court Clerk's Office. This form lets the Court know both whom you have selected as your ADR neutral and the date of the ADR session.

- You and the other parties can find your own ADR neutral for the case or use a neutral who is on the Court's ADR Panel.
  - For a list of Court ADR neutrals and their resumes, visit the Court's website at www.sanmateocourt.org/adr. (Go to "Civil ADR Program," "Civil ADR Program Panelist List" and click on any provider's name.)

- If you decide to do ADR and file a *Stipulation and Order to ADR* at least 10 days before your first CMC, the Court will postpone (continue) your first CMC for 90 days to allow the parties time to resolve the case using ADR. The Clerk's Office will send you a notice with your new CMC date.

- Within 10 days of completing ADR, you and your lawyer (if you have one) must fill out either an Evaluation By Attorneys or Client Evaluation and mail or fax it to the ADR offices at: 400 County Center, Courtroom 2F, Redwood City, CA 94063; (650) 599-1754 (fax).

## Do I Have to Pay to Use ADR?

- Yes. You and the other parties will pay the ADR neutral directly. However, you do not have to pay the Court for either judicial arbitration or for the mandatory settlement conference that is scheduled before your trial.

- If you expect to have difficulty paying the ADR provider's fee, ask the ADR Coordinator for a financial aid application. You will need to fill out this application to determine whether or not you qualify for financial assistance.

---

In San Mateo County, parties also can take their case to the community mediation organization, the Peninsula Conflict Resolution Center ("PCRC"), and have their case mediated by PCRC's panel of trained and experienced volunteer mediators. To learn more about programs and fees, contact PCRC's Manager of Mediation Programs at (650) 513-0330.

---

For more information, visit the court website at www.sanmateocourt.org/adr or contact the Multi-Option ADR Project: 400 County Center, Courtroom 2F, Redwood City, CA 94063. (650) 599-1070, (650) 599-1073/fax: (650) 599-1754

*Judicial Arbitration, one of th*   *ailable Appropriate Dispute Resolutic*   *(DR) options, differs from other options in that it is usua*   *court-ordered, unless the parties agree*   *o it.*

## What are the Advantages of Using Judicial Arbitration?

☐ *Free* - Parties do not have to pay for the arbitrator's fee

☐ *Fast* - Parties are usually given 120 days from the date of the Case Management Conference (CMC) to have their case heard by the appointed arbitrator

☐ *Informal* - The hearing is conducted by an arbitrator who issues an award. (Arbitrators are usually attorneys who practice or have practiced in San Mateo County.)

## What are the Disadvantages of Using Judicial Arbitration?

☐ The award issued by the arbitrator is not always binding (unless the parties stipulated otherwise). If any party requests a trial within 30 days of the award, the award becomes void and the case continues on to trial.

## How Does Judicial Arbitration Work in San Mateo County?

☐ During your first CMC hearing, the judge may decide to order you to judicial arbitration. You will then receive instructions and a proposed list of arbitrators in the mail.

☐ Parties also may agree to judicial arbitration by filing a *Stipulation and Order to ADR* form at least 10 days before the first CMC. The CMC clerk will then vacate your CMC hearing and send the case to arbitration. The parties will receive instructions and a proposed list of arbitrators in the mail.

☐ Parties can stipulate (agree) to an arbitrator on the Court's Judicial Arbitration Panel list. Otherwise, proposed names of arbitrators will be sent to the parties.

    o For a list of arbitrators, their resumes, and other information, visit the Court's website at www.sanmateocourt.org/adr. (Go to "Judicial Arbitration Program," "Judicial Arbitration Panelist List" and click on the arbitrator's name. To view the arbitrators by subject matter, click on "Judicial Arbitration Panelists by Subject Matter.")

☐ After the arbitration hearing is held and the arbitrator issues an award, the parties have 30 days to turn down/reject the award by filing a Trial de Novo (unless they have stipulated that the award would be binding).

☐ If the parties reject the award and request a Trial de Novo, the Court will send out notices to the parties of the Mandatory Settlement Conference date and the trial date.

☐ Following your arbitration hearing, you will also receive an evaluation form to be filled out and returned to the Arbitration Administrator.

**For more information, visit the court website at www.sanmateocourt.org/adr or contact Judicial Arbitration: 400 County Center, First Floor, Redwood City, CA 94063. Phone: (650) 363-4896 and Fax: (650) 365-4897**

Appropriate Dispute Resolution Information Sheet

Form adopted for Mandatory Use
Local Court Form ADR-CV-8 (New September, 2007)

[CA Rule of Court §3.221]
www.sanmateocourt.org

Superior Court of California - County of San Mateo

## ADR Stipulation and Evaluation Instructions

In accordance with *Local Rule 2.3(i)(3)*, all parties going to ADR must complete a Stipulation and Order to ADR and file it with the Clerk of the Superior Court. The Office of the Clerk is located at:

Clerk of the Superior Court, Civil Division
Attention: Case Management Conference Clerk
Superior Court of California, County of San Mateo
400 County Center
Redwood City, CA 94063-1655

There is no filing fee for filing the stipulation. An incomplete stipulation will be returned to the parties by the Clerk's Office. All stipulations must include the following:

- ☐ Original signatures for all attorneys (and/or parties in pro per);
- ☐ The name of the neutral;
- ☐ Date of the ADR session; and
- ☐ Service List (Counsel need not serve the stipulation on parties).

Parties mutually agree on a neutral and schedule ADR sessions directly with the neutral. If parties would like a copy of the San Mateo County Superior Court's ADR Panelist List and information sheets on individual panelists, they may go to the court's website (see below) or contact the ADR Coordinator at (650) 363-1962 or (650) 599-1070.

### If Filing the Stipulation Prior to an Initial Case Management Conference

To stipulate to ADR prior to the initial case management conference, parties must file a completed stipulation at least 10 days before the scheduled case management conference. The clerk will send notice of a new case management conference date approximately 90 days from the current date to allow time for the ADR process to be completed.

### If Filing Stipulation Following a Case Management Conference

When parties come to an agreement at a case management conference to utilize ADR, they have 21 days from the date of the case management conference to file a Stipulation and Order to ADR with the court [*Local Rule 2.3(i)(3)*].

### Post-ADR Session Evaluations

*Local Rule 2.3(i)(5)* requires submission of post-ADR session evaluations within 10 days of completion of the ADR process. Evaluations are to be filled out by both attorneys and clients. A copy of the Evaluation By Attorneys and Client Evaluation are attached to the ADR Panelist List or can be found on the court's web site.

### Non-Binding Judicial Arbitration

Names and dates are not needed for stipulations to judicial arbitration. The Judicial Arbitration Administrator will send a list of names to parties once a stipulation has been submitted. The Judicial Arbitration Administrator can be contacted at (650) 363-4896. For further information regarding San Mateo Superior Court's ADR program, contact the ADR offices at (650) 599-1070 or the court's ADR web site at http//www.co.sanmateo.ca.us.sanmateocourts/adr.htm.

| Attorney or Party without Attorney<br>(Name, Address, Telephone, Fax, State Bar membership number): | Court Use Only |
|---|---|
| Superior Court of California, County of San Mateo<br>Hall of Justice and Records<br>400 County Center<br>Redwood City, CA 94063-1655  (650) 363-4711 | |
| Plaintiff(s): | Case Number |
| Defendant(s): | Current CMC Date: |

## STIPULATION AND ORDER TO APPROPRIATE DISPUTE RESOLUTION

*Plaintiff will file this stipulation with the Clerk's Office 10 days prior to or 3 weeks following the first Case Management Conference unless directed otherwise by the Court and ADR Director [Local Rule 2.3(i)(3)]. Please attach a Service List.*

The parties hereby stipulate that all claims in this action shall be submitted to (select one):

☐ Voluntary Mediation
☐ Neutral Evaluation
☐ Non-Binding Judicial Arbitration CCP 1141.12
☐ Other: _____

☐ Binding Arbitration (private)
☐ Settlement Conference (private)
☐ Summary Jury Trial

Case Type: _____

Neutral's name and telephone number: _____  _____

Date of session: _____  _____

(Required for continuance of CMC except for non-binding judicial arbitration)

Identify by name the parties to attend ADR session: _____

### ORIGINAL SIGNATURES

Type or print name of ☐Party without attorney

☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant

☐Attorney for (Signature)

Attorney or Party without attorney

Type or print name of ☐Party without attorney

☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant

☐Attorney for (Signature)

Attorney or Party without attorney

## STIPULATION AND ORDER TO APPROPRIATE DISPUTE RESOLUTION

---

Type or print name of ☐ Party without attorney

☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant

---

☐ Attorney for (Signature)

Attorney or Party without attorney

---

Type or print name of ☐ Party without attorney

☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant

---

☐ Attorney for (Signature)

Attorney or Party without attorney

**IT IS SO ORDERED:**

DATE:

---

JUDGE OF THE SUPERIOR COURT OF SAN MATEO COUNTY

Superior Court of California, County of San Mateo

# DIVISION II
## COURT MANAGEMENT - SUPERIOR COURT

### CHAPTER I.  FORM AND SERVICE OF PAPERS

#### Rule 2.0  Transfer of Court-Related Functions of the County Clerk to the Superior Court

Pursuant to the authority contained in Government Code section 69898, the court hereby transfers from the County Clerk to the Superior Court Executive Officer, under the direction of the Presiding Judge, all of the powers, duties, and responsibilities required or permitted to be executed or performed by the County Clerk in connection with judicial actions proceedings, and records.

(Adopted, effective July 1, 1996 )

#### Rule 2.1  Form of Papers Presented for Filing

Reference, CRC, rule 2.100, et seq.

(Adopted, effective July 1, 1996) (Amended effective January 1, 2000) (Amended, effective January 1, 2007)

#### Rule 2.1.1 Citations to Non-California Authorities.

(Adopted, effective July 1, 1996)(Repealed, effective January 1, 1999)

#### Rule 2.1.2  Requests for Judicial Notice

(Adopted, effective July 1, 1996)(Repealed, effective January 1, 1999)

#### Rule 2.1.3 California Environmental Quality Act (CEQA)

If a petition for writ of mandate includes claims under CEQA (Public Resources Code section 21000 et. seq.), the case will be assigned to a judge designated to hear CEQA actions pursuant to Public Resources Code section 21167.1  Plaintiff shall identify the petition as being filed pursuant to "CEQA" on the face of the petition.

(Adopted, effective January 1, 1999)(renumbered from 2.1.4 effective January 1, 2000)

#### Rule 2.1.4 Documents Produced Through a Nonparty

If a party proposes to obtain documents in the custody of a nonparty, as by a subpoena duces tecum, and such documents may be produced by certification or otherwise in lieu of personal appearance by a witness custodian, the request for such documents should specify that they be delivered not later than the first day for which the trial is calendared.

(Adopted, effective January 1, 2000)

Superior Court of California, County of San Mateo

## CHAPTER 2. CIVIL TRIAL COURT MANAGEMENT RULES
## PART 1. MANAGEMENT DUTIES

Rule 2.2.   Trial Court Management

Reference CRC, rules 3.700, 3.710-3.713, 10.900, 10.901

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2007)

### PART 2. CASEFLOW MANAGEMENT

Rule 2.3. New Case Management

This rule applies to all civil cases with the exception of the following: (1) juvenile court matters; (2) probate matters; (3) family law matters; and (4) civil cases which, based on subject matter, have been assigned to a judge, or to more than one judge, for all purposes. For rules applicable to these exceptions, see CRC 2.20, 2.30, 2.570-2.573, 2.585, 2.810-2.819, 2.830-2.834, 3.650, 3.700-3.735, 3.920-3.927, 3.1370, 3.1380-3.1385, 3.1590-3.1591, 3.1806, 5.590, 10.900-10.901, 10.910, 10.950-10.953,

(a)   Purposes and Goals

The purposes and goals of the San Mateo Superior Court Civil Case Management System effective January 1, 1992 are:

(1)   To manage fairly and efficiently, from commencement to disposition, the processing of civil litigation.

(2)   To prepare the bench and bar for full implementation of the Trial Court Delay Reduction Act (A.B. 3820) on July 1, 1992; and

(3)   To encourage parties to agree to informal discovery early in the life of the case, to use standard form interrogatories and to promote alternative dispute resolution. Nothing in these rules is intended to prevent the parties from stipulating to an earlier intervention by the court by way of a case management conference, settlement conference or any other intervention that seems appropriate.

(4)   In accordance with Sections 3.710-3.715, 10.900, 10.901 of the California Rules of Court, Local Rule 2.3 is adopted to advance the goals of Section 68603 of the Government Code and Section 2.1 of the Standards of Judicial Administration recommended by the Judicial Council.

(b)   Team concept

Beginning January 1, 1994 civil litigation will be managed primarily by a team of two program judges.

The clerk will assign the case to a program judge at the time the complaint is filed. The case shall be managed by the assigned program judge until disposition or until the case is assigned to a trial department.

Superior Court of California, County of San Mateo

(c)     Cases filed after July 1, 1992

Upon the filing of a complaint after July 1, 1992, the case shall be subject to all of the civil case management system rules set forth below. Cases filed before July 1, 1992 shall also be subject to these rules except for subsection (d) (Filing and service of pleadings; exceptions).

(d)     Filing and service of pleadings; exceptions.

(1)     Complaint: Except as provided in paragraph 5 below, plaintiff shall within 60 days after filing of the complaint serve the complaint on each defendant along with:

(A)     A blank copy of the Judicial Council Case Management Statement;

(B)     A copy of Local Rule 2.3;

(C)     The Notice of Case Management Conference.

If a matter has been submitted to arbitration pursuant to uninsured motorist insurance, the plaintiff shall file a notice to that effect with the court at the time of filing the complaint, or at the time the matter is submitted. The notice shall include the name, address and telephone number of the insurance company, along with the claim number or other designation under which the matter is being processed.

(2)     Cross-complaint: Except as provided in paragraph 5 below, each defendant shall within 30 days after answering the complaint file any cross-complaint (within 50 days if compliance with a governmental claims statute is a prerequisite to the cross-complaint) not already served with the answer under Code of Civil Procedure section 428.50 and serve with that cross-complaint:

(A)     A blank copy of the Judicial Council Case Management Statement;

(B)     A copy of Local Rule 2.3;

(C)     The Notice of Case Management Conference

(3)     Responsive pleadings: Except as provided in paragraph 5 below, each party served with a complaint or cross-complaint shall file and serve a response within 30 days after service. The parties may by written agreement stipulate to one 15-day extension to respond to a complaint or cross-complaint.

If the responsive pleading is a demurrer, motion to strike, motion to quash service of process, motion for a change of venue or a motion to stay or dismiss the case on forum non conveniens grounds, and the demurrer is overruled or the motion denied, a further responsive pleading shall be filed within 10 days following notice of the ruling unless otherwise ordered. If a demurrer is sustained or a motion to strike is granted with leave to amend, an amended complaint shall be filed within 10 days following notice of the ruling unless otherwise ordered. The court may fix a time for filing pleadings responsive to such amended complaint.

(4)     Proofs of service: Proofs of service must be filed at least 10 calendar days before the case management conference.

(5)     Exceptions for longer periods of time to serve or respond:

Superior Court of California, County of San Mateo

(A)     Time to serve may be extended for good cause: Upon ex parte application to the court, *in compliance with California Rule of Court 379(g)*, within 60 days of the date the complaint was filed, plaintiff may obtain an extension of time to serve to a date on or before the case management conference, if good cause is shown by declaration of counsel (or plaintiff filing in propria persona). An additional extension of the time to serve (an initial extension if the application is by a cross-complainant) may be obtained upon written application to the court upon good cause shown before the prior extension has expired. The filing of a timely application for an extension will automatically extend the time to serve by five days, whether or not the application is granted.

Good cause will be found if the declaration shows that the action is filed against a defendant who is an uninsured motorist, and the plaintiff's claim is subject to an arbitration provision in plaintiff's contract of insurance. In determining good cause in other cases, the court will give due consideration to any standards, procedures and policies which have been developed in consultation with the bar of the county through the bench-bar trial court delay committee.

(B)     Additional extension of time if uninsured motorist arbitration is pending. In addition to any extension of time obtained pursuant to subsection (5)(A) above, if an uninsured motorist arbitration is still pending between plaintiff and plaintiff's insurance carrier 30 days prior to the expiration of the extension, plaintiff may obtain an additional extension of time by an ex parte application supported by a declaration showing the scheduled or anticipated date of the arbitration hearing and the diligence of plaintiff in pursuing arbitration.

(C)     Time to respond may be extended for good cause: Before the time to respond has expired, any party served with a complaint or cross-complaint may, with notice to all other parties in the action, make ex parte application to the court upon good cause shown for an extension of time to respond. The filing of a timely application for an extension will automatically extend the time to respond by five days, whether or not the application is granted.

(e)     Case management conference

(1)     Date of conference: Unless the parties stipulate in writing and the court orders that the case be earlier referred to arbitration, a case management conference will be set by the clerk at the time the complaint is filed. (Government Code 68616)

(2)     Attendance at the case management conference is mandatory for all parties or their attorneys of record.

(3)     Plaintiff must serve the Notice of Case Management on all parties no later than 30 calendar days before the conference, unless otherwise ordered by the Court.

(4)     The Court will deem the case to be at-issue at the time of the conference (Reference: CRC 3.714(a)) absent a showing of extraordinary circumstances.

(5)     The conference may be set at an earlier date by order of the Court or by written stipulation of the parties.

(6)     Designation of trial counsel: Trial counsel and, except for good cause shown, back-up trial counsel, must be specified at the case management conference. If such counsel is not

Superior Court of California, County of San Mateo

specified, relief from the scheduled trial date may not be obtained based upon the ground that counsel is engaged elsewhere.

(7)     Conference orders.  At the initial conference, the program judge will make appropriate pre-trial orders that may include the following:

    (A)     An order referring the case to arbitration, mediation or other dispute resolution process;

    (B)     An order transferring the case to the limited jurisdiction of the superior court;

    (C)     An order assigning a trial date;

    (D)     An order identifying the case as one which may be protracted and determining what special administrative and judicial attention may be appropriate, including special assignment;

    (E)     An order identifying the case as one which may be amenable to early settlement or other alternative disposition technique;

    (F)     An order of discovery; including but not limited to establishing a discovery schedule, assignment to a discovery referee, and/or establishing a discovery cut-off date;

    (G)     An order scheduling the exchange of expert witness information;

    (H)     An order assigning a mandatory settlement conference date pursuant to Local Rule 2.3(k) and 2.4; and

    (I)     Other orders to achieve the interests of justice and the timely disposition of the case.

(8)     CourtCall Telephonic Appearances

    (A)     Reference CRC, Rule 3.670

    (B)     Procedure. Telephonic appearances through the use of CourtCall, an independent vendor, are permitted at case management conference hearings. A party wishing to make a telephone appearance must serve and file a Request for Telephone Appearance Form with CourtCall not less than five court days prior to the case management conference hearing.  Copies of the Request for Telephone Appearance form and accompanying information sheet are available in the Clerk's office.  There is a fee to parties for each CourtCall appearance and fees are paid directly to CourtCall.  CourtCall will fax confirmation of the request to parties.

    (C)     On the day of the case management conference hearing, counsel and parties appearing by CourtCall must check-in five minutes prior to the hearing.  Check-in is accomplished by dialing the courtroom's dedicated toll-free teleconference number and access code that will be provided by CourtCall in the confirmation. Any attorney or party calling after the check-in period shall be considered late for the hearing and shall be treated in the same manner as if the person had personally appeared late for the hearing.

(D)    At a case management conference, parties may be referred to an appropriate dispute resolution ("ADR") process (e.g., mediation, binding arbitration or neutral evaluation). If parties are referred ADR, they must redial the Dedicated toll free teleconference number immediately following their case management conference appearance and use a second CourtCall access code to telephonically appear at the ADR referral meeting with ADR staff. If a case has been referred to ADR, a party's case management conference appearance is not complete until they have also telephonically appeared at the mandatory ADR referral. If parties are referred to judicial arbitration, they do not have to appear at the ADR referral.

(f)    Case Management Statement

At least 15 calendar days before the scheduled case management conference, each party shall file with the court and serve on all other parties a completed Judicial Council Case Management Statement. If the case is set for further case management conference hearing(s), all parties must file updated Case Management Statements 15 (fifteen) calendar days prior to the scheduled hearings(s).

(g)    Appropriate Dispute Resolution, ADR, Policy Statement

The Court finds it is in the best interests of parties to litigation to participate in appropriate dispute resolution procedures, including but not limited to mediation, neutral evaluation, private or judicial arbitration, voluntary settlement conferences, and the use of special masters and referees. Therefore, all parties shall stipulate to, or be referred to, an appropriate form of dispute resolution before being set for trial, unless there is good cause to dispense with this requirement. Parties are encouraged to stipulate to judicial arbitration or ADR prior to the case management conference.

(h)    Stipulations to Arbitration

(1)    If the case is at issue, and all counsel and each party appearing in propia persona stipulate in writing to judicial arbitration prior to the case management conference, discovery will remain open following judicial arbitration. A written stipulation to judicial arbitration must be filed with the clerk and a copy immediately sent to the Master Calendar Coordinator at least 10 calendar days before the case management conference in order to avoid the need to appear at that conference. A written stipulation to arbitrate will be deemed to be without a limit as to the amount of the award unless it expressly states otherwise.

(2)    It is the policy of this court to make every effort to process cases in a timely manner. Parties who elect or are ordered by the court to judicial arbitration must complete the arbitration hearing within the time frame specified by the court.

Parties who wish to continue the arbitration hearing after the jurisdictional time frame must submit a court provided form entitled *"Ex Parte Motion and Stipulation for continuance of Judicial arbitration Hearing "*. Parties can obtain a copy of the form by contacting the court's judicial arbitration administrator (See Local Rule 10.1(d)(1). Continuances without adequate grounds will not be considered. A case management judge will either grant or deny the request for continuance. If the request is denied, the case may be assigned a trial date. If the request is granted, the judge will impose a new deadline by which the arbitration must be completed.

(3)    Parties who wish to change their election from judicial arbitration to another form of ADR must file a "Stipulation and [Proposed] Order to [Mediation, Neutral Evaluation, etc.] in Lieu of [Court-Ordered] Judicial Arbitration" with the Clerk of the Court. The Stipulation must

Superior Court of California, County of San Mateo

state that parties have (i) notified both the judicial arbitration and ADR coordinators; (ii) cancelled the judicial arbitration hearing, (iii) scheduled the ADR session within five months of the previously scheduled judicial arbitration hearing; and (iv) stipulated to a trial date, which is not more than six months from the previously scheduled judicial arbitration hearing.

(i)   Stipulations to Private ADR

(1)   If a case is at issue and all counsel and each party appearing in propria persona stipulate in writing to ADR and file a completed Stipulation and Order to ADR with the clerk of the court at least ten (10) calendar days before the first scheduled case management conference, that conference shall be continued 90 days.  The court shall notify all parties of the continued case management conference.

(2)   If counsel and each party appearing in propria persona are unable to agree upon an appropriate ADR process, they shall appear at the case management conference.

(3)   Following an appearance at a case management conference hearing, parties shall, within 21 calendar days, file a completed Stipulation to ADR and Proposed Order identifying the name of the ADR provider, date of ADR session and the names of those who will be in attendance at the ADR session.  The completed Stipulation to ADR and Proposed Order shall be filed with the court by plaintiff's counsel.  The parties, through counsel, if represented, shall confer with the court's Multi-Option ADR Project (M.A.P.) staff if they cannot agree on a provider.  Plaintiff's counsel, shall additionally, send a copy of the completed Stipulation to the court's M.A.P offices within the same 21-day period.

(4)   All parties and counsel shall participate in the ADR process in good faith.

(5)   To maintain the quality of ADR services the court requires cooperation from all parties, counsel and ADR providers in completing ADR evaluation forms, and returning these forms to the M.A.P. offices within 10 calendar days of the completion of the ADR process.

(6)   In accordance with the Code of Civil Procedure, section 1033.5(c)(4), the court, in its discretion, may allow the prevailing party at trial the fees and expenses of the ADR provider, unless there is a contrary agreement by the parties.

(j)   Setting Short Cause Matters

If the parties agree that the time estimated for trial is 5 hours or less prior to the conference, a written stipulation shall be filed at least 10 calendar days before the case management conference in order to avoid the need to appear at that conference and a copy immediately sent to the Master Calendar Coordinator.  In the absence of a stipulation, either party may file a motion to have the matter designated a "short cause" and set the case accordingly.   All such matters shall be presumed short cause unless the contrary is established at the hearing on the motion.

(k)   Law and Motion

All law and motion matters shall be heard by the regularly assigned Law and Motion judge.

(l)   Settlement Conferences

All cases not assigned to arbitration or some other dispute resolution mechanism will be assigned two settlement conference dates, the first of which will be at the earliest practicable date under the circumstances presented by the case, and the second within approximately two

Superior Court of California, County of San Mateo

weeks prior to the assigned trial date.

Cases assigned to arbitration or other form of ADR may be subjected to a settlement conference prior to the arbitration or ADR process, but will be assigned to a pre-trial settlement conference only if the arbitration/ADR procedure fails to resolve the case.

All cases which fail to resolve by the trial date will be subject to an additional settlement conference on the trial date.

*All settlement conferences shall be subject to the requirements specified in Local Rule 2.4.*

(iii)     Sanctions

Sanctions pursuant to CRC 2.30 shall be imposed for any violation of the civil case management system rules. The minimum sanction imposed shall be $150.00 payable to the court; sanctions payable to the court may be larger where appropriate and will be in addition to appropriate attorney fees and calendar changes, including any appropriate change in calendar status of the action.

Sanctions mandated hereby may be waived by the judge conducting the conference only upon an application showing good cause why sanctions should not be imposed.

(Adopted, effective July 1, 1996)(Amended, effective January 1,2000) (Amended, effective January 1, 2003) (Amended effective July 1, 2003) (Amended, effective January 1, 2005)(Amended, effective January 1, 2006). (Amended, effective January 1, 2007)

## Rule 2.3 1 Orders to Show Cause re: Dismissals

(a)     A hearing on an order to show cause why the case should not be dismissed for failure to prosecute the matter shall be set at the two year anniversary of the filing of the complaint and/or cross-complaint.

(b)     An order to show cause hearing shall be set 45 days after court's receipt of notice of settlement.

(c)     An order to show cause hearing regarding dismissals may be set by the court to achieve the interests of justice and the timely disposition of the case.

(d)     An order to show cause hearing re: failure to complete judicial arbitration within the court-ordered time frame may be heard during the case management calendar. Sanctions may be imposed and a trial date may be assigned.

(Adopted, effective January 1,2000) (Amended, effective January 1, 2003)(Amended, effective January 1, 2006)

## Rule 2.4 Settlement Conference

Reference: California Rule of Court, rule 222.

(a)     At all settlement conferences, notwithstanding any other Rule:

(1)     The attorney who will try the case or an informed associate with full authority to negotiate a settlement of the case shall personally attend.

(3)    Any persons whose consent is required to authorize settlement shall personally attend; those parties that are corporations shall have in attendance an officer or other employee with authority to bind the corporation. Powers of attorney, oral or written, granting counsel settlement authority are unacceptable as a substitute for personal attendance at this conference. Defendant and cross-defendant shall personally attend if there is no insurance coverage, if there is an unsatisfied deductible, or if the insurance carrier is demanding that the insured contribute to settlement.

(3)    With respect to any insured party, a representative of the insurance carrier with authority to settle which is meaningful considering the exposure to loss presented shall personally attend. If the claims representative in personal attendance has any limitation on his or her settlement authority, a representative of the carrier who has no such limitations shall be available to the court by telephone and shall remain available until released by the judge conducting the conference, regardless of the time of day at the location of that representative.

(4)    Upon arrival at the department to which the conference has been assigned, counsel shall check in with the clerk and shall verify the attendance of those persons whose presence is required.

(5)    Notwithstanding the provisions of CRC 3.1380(c), no later than five(5) court days before the date set for the settlement conference each party shall lodge with the office of the court administrator and serve on all other parties a written statement setting forth the following:

(A)    A statement of facts

(B)    The contentions of each party to the action regarding liability and damages.

(C)    An itemized list of special damages.

(D)    In any case in which personal injury is claimed:

(i)    A description of the nature and extent of any injury claimed, including residuals.

(ii)    A description of the basis for and method of calculation of any claimed wage loss

(E)    The most recent demand and offer or a description of any other proposed settlement between or among the parties.

(6)    All parties shall be prepared to make a bona fide offer of settlement.

(b)    The personal attendance of any person who is required by these rules to be present may be excused only by the presiding judge upon application made prior to the day on which the conference is scheduled. Any such person whose attendance is excused must remain available by telephone until he or she has been excused by the judge conducting the conference regardless of the time of day at the location of that person.

(c)    No conference may be continued without the consent of the presiding judge or, if known, the judge to whom the case has been assigned for conference.

Superior Court of California, County of San Mateo

(d)     At all such conferences, the judge of the department to which the conference has been assigned shall first attempt to settle the case. If settlement discussions are inconclusive, the judge may adjourn the conference to a later date for further settlement discussions.

(e)     Sanctions pursuant to CRC 2.30 shall be imposed for any violation of this rule. The minimum sanction imposed shall be $150.00 payable to the court; sanctions payable to the court may be larger where appropriate and will be in addition to appropriate attorney fees and calendar changes.

Sanctions mandated hereby may be waived by the judge conducting the conference only upon an application showing good cause why sanctions should not be imposed.

(Adopted, effective July 1, 1996) (Amended, effective January 1, 2003)(Amended, effective July 1, 2003) (Amended, effective January 1, 2007)

## PART 3.  CALENDAR MANAGEMENT

Rule 2.5  Trial Date Settlement Conference

A further settlement conference shall be held on the date the case is called for trial in accordance with the procedures outlined in and with the attendance of those persons designated in Local Rule 2.4.

(Adopted, effective July 1, 1996)

Rule 2.6  Refund of Jury Fees: Duty to Notify Court

(Adopted, effective July 1, 1996) (REPEALED and Renumbered as Rule 2.7.6)

## CHAPTER 3.   [RESERVED]

Superior Court of California, County of San Mateo

## CHAPTER 4. JURY RULES

Rule 2.7 Length of Jury Service

In compliance with CRC 2.1002, a person has fulfilled his or her jury service obligation when he or she has:

    (a)    Served on one trial until discharged.

    (b)    Been assigned on one day for jury selection until excused by the jury commissioner.

    (c)    Attended court but was not assigned to a trial department for selection of a jury before the end of that day.

    (d)    Been assigned to a trial department for selection of a jury and has been excused by the trial judge.

    (e)    Served one day on call.

    (f)    Served no more than 5 court days on telephone standby.

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2007)

## Rule 2.7.1 Proposed Jury Instructions

(a)    Reference California Rules of Court, Rules 2.1055 and 2.1050.

(b)    The Trial Department shall determine in its discretion the timing of submission of proposed jury instructions.

(Amended, effective January 1, 2002) (Amended, effective January 1, 2006) (Amended, effective January 1, 2007)

## Rule 2.7.2 Duty Of Counsel with Respect to Jury Instructions

Before delivery of proposed jury instructions to the trial judge and opposing counsel, counsel shall fill in all blanks, make all strikeouts, insertions and modifications therein which are appropriate to the case. Submission of a form, which requires additions or modifications to constitute a complete and intelligible instruction, shall not be deemed a request for such instruction.

In addition to a hard copy of the proposed jury instructions, counsel shall provide the modified instructions on a computer diskette, and a clean copy of the instructions to be given to the jury

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2006)

## Rule 2.7.3 Form of Proposed Jury Instructions (CCP §§ 607a, 609.)

All proposed jury instructions shall conform to the requirements of California Rules of Court, Rule 2.1055 Any jury instructions requested after the conclusion of taking evidence shall be in writing. The court, in its discretion, may permit instructions to be sent into the jury room in "Booklet Form" In

Superior Court of California County of San Mateo

"Booklet Format" the text of the instruction is printed continuously on the page and may result in several instructions to the page. Such instructions may be accompanied by a table of contents

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2006) (Amended, effective January 1, 2007)

## Rule 2.7.4 Changing Jury Instructions

If, after the jury instruction conference and at any time before giving the instructions and verdict and findings forms to the jurors, the trial judge determines to make any substantive change therein, all parties should be so advised on the record outside the hearing of jurors.

(Adopted, effective January 1, 2000)

## Rule 2.7.5 Jury Instruction Conference

Before final argument and after submission to the trial judge of all proposed jury instructions, verdict and findings forms, a conference outside the presence of jurors will be held. Ordinarily, a reporter or recorder is not required at the commencement of such conference.

In the event the trial judge intends to give any instructions or use any form of verdict or findings on the court's own motion, such instructions, verdicts or findings should be delivered to counsel.

The trial judge will then discuss with counsel:

(1)    Whether any requested proposed instructions, verdicts or findings are patently inappropriate and will be voluntarily withdrawn;

(2)    Whether there is any patent omission of instructions, verdicts or findings which are appropriate and that may be given without objection;

(3)    Whether there is any other modification, namely those to which the parties will stipulate.

Counsel shall meet prior to this conference to discuss each other's jury instructions and classify them into (1), (2) and (3) above.

The foregoing unreported conference will generally result in clarification of the matters, and creation of three categories of instructions, verdicts or findings that may be withdrawn, given or modified.

Thereafter, the conference should be reported and the trial judge should confirm for the record the matters agreed upon. The trial judge should also specify those instructions, verdicts and findings forms the court proposes to give, refuse or modify, whether at the request of a party or on the court's own motion. The court will hear any objections to the foregoing and rule thereon.

The trial judge should sign each requested instruction and indicate the disposition thereof, all of which shall be thereafter filed by the clerk. If a requested instruction is withdrawn, counsel shall so indicate by writing "withdrawn" and signing or initialing such instruction.

(Adopted, effective January 1, 2000)

Superior Court of California, County of San Mateo

### Rule 2.7.6 Refund of Jury Fees; Duty to Notify Court

Jury fees shall be refunded pursuant to CCP Section 631.3 only if the party depositing the fees has given the master calendar coordinator written notice, at least two court days before the trial date, that the case settled, dropped or that the party's motion for continuance has been granted.

(Adopted, effective July 1, 2004 [former Rule 2.6])

## CHAPTER 5. GENERAL RULES

### Rule 2.8 Family Law Rules

The local rules of San Mateo Superior Court relating to Family Law are contained in Division V of these rules, *infra*.

(Adopted, effective July 1, 1996)

### Rule 2.9 Required Action

Action shall be taken on all calendared cases and a future date for action shall always be set. No case shall go "off calendar" without a future action being set.

(Adopted, effective July 1, 1996.)

### Rule 2.10 Interpreters and Translators

a)   Notice. When a party desires an interpreter, it shall be the responsibility of that party to give notice to the Court and all other parties of record. That party shall make arrangements for the presence and the payment of the interpreter

b)   Qualifications. Unless the interpreter is an official court interpreter, the interpreter's name and qualifications shall be provided to the court and opposing counsel five (5) court days prior to the date of the interpreter's appearance .  If the interpreter is an official court interpreter, no prior disclosure is required.

c)   Relations or friends. Without the consent of all parties, a relation or a friend may not be used as an interpreter or translator in a contested proceeding.

(Adopted, effective January 1, 2000)

**Rules 2.11 thru 2.19 (Reserved)**

## CHAPTER 6. CIVIL TRIAL RULES

### Rule 2.20   Trial Motions, Briefs, Statements, and Witness Lists

Upon assignment to a trial department for trial by a jury, each party shall file with that department the following:

(1)   Any in limine motions and response thereto;

(2)   Any trial briefs;

Superior Court of California, County of San Mateo

     (3)   A concise non-argumentative statement of the case to be read to the jury; and

     (4)   A list of possible witness who may testify in the trial to be read to the jury panel by the court

(Adopted, effective January 1, 2002)

## Rule 2.21   In Limine Motions

Any in limine motions shall be served upon opposing counsel not less than five (5) days prior to trial. Any response shall be served upon the proponent of the motion not later than the first appearance in the Department of the Presiding Judge for trial assignment.

(Adopted, effective January 1, 2002)

## Rule 2.22   Production of Exhibits

Any party intending to offer any exhibit at the time of trial shall be prepared, by the time of assignment to a trial department, with an original and sufficient copies of each such exhibit for all other parties and the court. The court may make, in it discretion, any orders it deems appropriate regarding the exchange and presentations of exhibits.

(Adopted, effective January 1, 2002)

## RULE NUMBERS 2.23 TO 2.29 ARE RESERVED

## CHAPTER 7.   COMPLEX CASES

## Rule 2.30   Determination of Complex Case Designation.

A.   Decision of Complex Case to be Made by Presiding Judge

The Presiding Judge shall decide whether an action is a complex case within the meaning of California Rules of Court, Rule 3.400, subdivision (a), and whether it should be assigned to a single judge for all purposes.   All status conferences or other hearings regarding whether an action should be designated as complex and receive a singly assigned judge shall be set in the Presiding Judge's department.

B.   Provisional Designation.

An action is provisionally a complex case if it involves one or more of the following types of claims: (1) antitrust or trade regulation claims; (2) construction defect claims involving many parties or structures; (3) securities claims or investment losses involving many parties; (4) environmental or toxic tort claims involving many parties; (5) claims involving massive torts; (6) claims involving class actions; or (7) insurance coverage claims arising out of any of the claims listed in subdivisions (1) through (6).

The Court shall treat a provisionally complex action as a complex case until the Presiding Judge has the opportunity to decide whether the action meets the definition in California Rules of Court, Rule 3.400, subdivision (a).

Superior Court of California, County of San Mateo

C.   Application to Designate or Counter-Designate an Action as a Complex Case.

Any party who files either a Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.401) or a counter or joinder Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.402, subdivision (b) or (c)), designating an action as a complex case in Items 1, 2 and/or 5, must also file an accompanying Certificate Re: Complex Case Designation in the form prescribed by the Court.  The certificate must include supporting information showing a reasonable basis for the complex case designation being sought.   Such supporting information may include, without limitation, a brief description of the following factors as they pertain to the particular action.

(1)   Management of a large number of separately represented parties;
(2)   Complexity of anticipated factual and/or legal issues;
(3)   Numerous pretrial motions that will be time-consuming to resolve;
(4)   Management of a large number of witnesses or a substantial amount of documentary evidence;
(5)   Coordination with related actions pending in one or more courts in other counties, states or countries or in a federal court;
(6)   Whether or not certification of a putative class action will in fact be pursued; and
(7)   Substantial post-judgment judicial supervision.

A copy of the Certificate Re: Complex Case Designation must be served on all opposing parties. Any certificate filed by a plaintiff shall be served along with the initial service of copies of the Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.401), summons, and complaint in the action. Any certificate filed by a defendant shall be served together with the service of copies of the counter or joinder Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.402, subdivision (b) or (c)) and the initial first appearance pleading(s).

D   Noncomplex Counter-Designation.

If a Civil Case Cover Sheet designating an action as a complex case and the accompanying Certificate Re: Complex Case Designation has been filed and served and the Court has not previously declared the action to be a complex case, a defendant may file and serve no later than its first appearance a counter Civil Case Cover Sheet designating the action as not a complex case.  Any defendant who files such a noncomplex counter-designation must also file and serve an accompanying Certificate Re: Complex Case Designation in the form prescribed by this Court and setting forth supporting information showing a reasonable basis for the noncomplex counter-designation being sought.

Once the Court has declared the action to be a complex case, any party seeking the Presiding Judge's decision that the action is not a complex case must file a noticed motion pursuant to Section H below.

E.   Decision by Presiding Judge on Complex Case Designation; Early Status Conference.

If a Civil Case Cover Sheet designating an action as a complex case and the accompanying Certificate Re: Complex Case Designation have been filed and served, the Presiding Judge shall decide as soon as reasonably practicable, with or without a hearing, whether the action is a complex case and should be assigned to a single judge for all purposes.

Upon the filing of a Civil Case Cover Sheet designating an action as a complex case and the accompanying Certificate Re: Complex Case Designation, the Clerk of the Court shall set a status conference at which the Presiding Judge shall decide whether or not the action is a complex case.  This status conference shall be held no later than (a) 60 days after the filing of a Civil Case Cover Sheet by a plaintiff (pursuant to California Rules of Court, Rule 3.401) or (b) 30 days after the filing of a counter

Superior Court of California, County of San Mateo

Civil Case Cover Sheet by a defendant (pursuant to California Rules of Court, Rule 3.402, subdivision (a) or (b)), whichever date is earlier.

Alternatively, in his or her sole discretion, the Presiding Judge may make the decision on complex case designation and single assignment, without a status conference, based upon the filed Civil Case Cover Sheet and accompanying Certificate Re: Complex Case Designation alone.

F.   Notice.

The party who seeks a complex case designation or a noncomplex counter-designation must give reasonable notice of the status conference to the opposing party or parties in the action even if they have not yet made a first appearance in the action. Such notice of the status conference shall be given in the same manner as is required for ex parte applications pursuant to California Rule of Court, Rule 379.

G.   Representations to the Court.

By presenting to the Court a Certificate Re: Complex Case Designation, an attorney or unrepresented party is certifying to the best of that person's knowledge, information, and belief, formed after reasonable inquiry under the circumstances:

   (1)   That the complex case designation or noncomplex counter-designation is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

   (2)   That the claims, defenses, or other legal contentions referenced therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

   (3)   That the statement of supporting information relevant to the complex case designation or noncomplex counter-designation have evidentiary support or are believed, in good faith, likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

   (4)   That there is a reasonable basis for that party's complex case designation or noncomplex counter-designation.

If, after notice and a reasonable opportunity to be heard, the Court determines that this subpart has been violated, the Court may impose an appropriate sanction upon the attorneys, law firms, or self-represented parties that have violated this subpart.

H.   The Presiding Judge's Continuing Power:

With or without a hearing, the Presiding Judge may decide, on his or her own motion or on a noticed motion by any party, that a civil action is a complex case or that an action previously declared to be a complex case is not a complex case.

I.   Pilot Program; Sunset Provision. (Repealed, effective 1/1/2007).

(Adopted, effective July 1, 2004)(Amended, effective July 1, 2005) (Amended, effective January 1, 2006)(Amended, effective January 1, 2007)

RULE NUMBERS 2.31 TO 2.35 ARE RESERVED

| ATTORNEY APPEARING | DO NOT FILE WITH COURT |
| --- | --- |
| Name:<br><br>Firm Name:<br><br>Tel No:<br>Fax No:<br>State Bar No.<br><br>ATTORNEY FOR (Name): | **YOU MUST COMPLETELY FILL OUT ALL INFORMATION ON THIS FORM PRIOR TO SUBMITTING TO COURTCALL OR YOUR REQUEST CANNOT BE PROCESSED!** |

| COURT: SAN MATEO SUPERIOR COURT | |
| --- | --- |
| Case Name: | CASE NUMBER:<br><br>DEPARTMENT/JUDGE:<br><br>DATE:<br><br>TIME:<br><br>HEARING: |

| REQUEST FOR COURTCALL TELEPHONIC APPEARANCE | Our Tax ID#: 95-4568415 |
| --- | --- |

1. _____ (Name of specific attorney appearing telephonically) requests a CourtCall telephonic calendar appearance at the above referenced proceeding and agrees to provisions of the Rule/Order/Procedure Re: CourtCall Telephonic Appearances. I UNDERSTAND THAT I DIAL INTO THE CALL FIVE MINUTES BEFORE ITS SCHEDULED START TIME. COURTCALL DOES NOT DIAL OUT TO ME.

2. Not less than 5 Court days or 4:00 PM on the Court day prior to the hearing if the department posts tentative rulings, a copy of this document was served on all other parties and faxed to CourtCall, Telephonic Appearance Program Administrator at (310) 743-1850 or (888) 88-FAXIN.

3. The non-refundable CourtCall Appearance Fee in the sum of $65.00 (plus additional fee of $35.00 if late filing is accepted) paid as follows:

___Check - (copy attached-write CourtCall ID# on check-and faxed to CourtCall at (310) 743-1850 or (888) 88-FAXIN) payable to Telephonic Hearing Account and original mailed to CourtCall at 6383 Arizona Circle, Los Angeles, CA. 90045, telephone (310) 342-0888 or (888) 88-COURT . INDIVIDUALS REPRESENTING THEMSELVES MUST PAY BY CREDIT CARD)

___Charged - to CourtCall Debit Account No. _____
___Charged - to VISA, Mastercard or American Express:
To be completed only on the copy submitted to CourtCall, LLC:

| Credit Card Number: _____ Expiration Date: _____ |
| --- |
| To pay by credit card, the copy of this form submitted to CourtCall, LLC must be signed by the person whose credit card is to be charged and must be faxed to CourtCall at (310) 743-1850 or (888) 88-FAXIN with the above credit card information completed. The signature below constitutes authorization to charge the above referenced credit card.<br><br>Type Name _____   Signature _____ |

4. Request forms are processed within 24 hours of receipt. Call CourtCall if you do not receive a faxed Confirmation within 24 hours. WITHOUT A WRITTEN CONFIRMATION YOU ARE NOT ON THE COURTCALL CALENDAR AND MAY BE PRECLUDED FROM APPEARING TELEPHONICALLY! COURTCALL'S LIABILITY CONCERNING THIS TELEPHONIC APPEARANCE IS LIMITED TO THE FEE PAID TO COURTCALL. Matters continued at the time of the hearing require a new form and fee for the continued date. There are no refunds for matters voluntarily taken "off calendar" or canceled. To cancel a CourtCall Appearance fax a copy of your Confirmation marked "Canceled" to 310-743-1850.

5 *MY SIGNATURE ON THIS DOCUMENT SERVES AS CONSENT FOR COURTCALL TO CONTINUE TO FAX (AT THE FAX NUMBER LISTED ABOVE UNDER "ATTORNEY OF RECORD") OR EMAIL NOTICES TO ME OR MY FIRM ADVISING OF UPCOMING APPEARANCES AND/OR OTHER OFFERINGS FROM COURTCALL UNTIL I OR MY FIRM ADVISES COURTCALL OTHERWISE.*

Date: _____   Signature _____



**Superior Court of California**
**County of San Mateo**
**Civil Department**
**400 County Center**
**Redwood City, CA  94063-1655**
**(650)363-4599**
**www.sanmateocourt.org**

| JOHN FAULKNER<br>Plaintiff(s)<br>vs.<br>ADT SECURITY SERVICES, INC<br>Defendant(s) | **Notice of Complex Case Status Conference**<br><br>Case No.: CIV 502920 |
|---|---|

Date: **03/30/11**
Time: **9:00 AM**
Dept. **3**

Title:   JOHN FAULKNER VS ADT SECURITY SERVICES, INC ET AL

You are hereby given notice of your Complex Case Status Conference. The date, time and department have been written above. At this conference, the Presiding Judge will decide whether this action is a complex case within the meaning of California Rules of Court ("CRC"), Rule 3.400, subdivision (a) and whether it should be assigned to a single judge for all purposes.

1.   In accordance with applicable **San Mateo County Local Rule 2.30**, you are hereby ordered to:
   a.   Serve copies of this notice, your Civil Case Cover Sheet, and your Certificate Re: Complex Case Designation on all named parties in this action no later than service of your first appearance pleadings.
   b.   Give reasonable notice of the Complex Case Status Conference to all named parties in this action, even if they have not yet made a first appearance or been formally served with the documents listed in subdivision (a). Such notice shall be given in the same manner as required for an ex parte application pursuant to CRC 3.1203.

2.   **If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order To Show Cause hearing will be at the same time as the Complex Case Status Conference. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.**

3.   An action is provisionally a complex case if it involves one or more of the following types of claims: (1) antitrust or trade regulation claims; (2) construction defect claims involving many parties or structures; (3) securities claims or investment losses involving many parties; (4) environmental or toxic tort claims involving many parties; (5) claims involving massive torts; (6) claims involving class actions; or (7) insurance coverage claims arising out of any of the claims listed in subdivisions (1) through (6). The Court shall treat a provisionally complex action as a complex case until the Presiding Judge has the opportunity to decide whether the action meets the definition in CRC 3.400(a).

4.   Any party who files either a Civil Case Cover Sheet (pursuant to CRC 3.401) or a counter or joinder Civil Case Cover Sheet (pursuant to CRC 3.402, subdivision (b) or (c)), designating an action as a complex case in Items 1, 2 and/or 5, must also file an accompanying Certificate Re: Complex Case Designation in the form prescribed by the Court. The certificate must include supporting information showing a reasonable basis for the complex case designation being sought. Such supporting information may include, without limitation, a brief description of the following factors as they pertain to the particular action: (1) management of a large number of

Form: CCSC

**RECEIVED**
FEB 07 2011
BY:_____

separately represented parties; (2) complexity of anticipated factual and/or legal issues; (3) numerous pretrial motions that will be time-consuming to resolve; (4) management of a large number of witnesses or a substantial amount of documentary evidence; (5) coordination with related actions pending in one or more courts in other counties, states or countries or in a federal court; (6) whether or not certification of a putative class action will in fact be pursued; and (7) substantial post-judgment judicial supervision.

For further information regarding case management policies and procedures, see the court website at www.sanmateocourt.org

* Telephonic appearances at Complex Case Status Conference are available by contacting CourtCall, LLC, an independent vendor, at least 5 business days prior to the scheduled conference.

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that I am the clerk of this Court, not a party to this cause; that I served a copy of this notice on the below date, by placing a copy thereof in separate sealed envelopes addressed to the address shown by the records of this Court, and by then sealing said envelopes and depositing same, with postage fully pre-paid thereon, in the United States Mail at Redwood City, California.

Date: 02/03/11

John C. Fitton,
Court Executive Officer/Clerk

By: GRACE LACEY
Deputy Clerk

Copies mailed to:

GRETCHEN CARPENTER
12100 WILSHIRE BLVD
SUITE 1900
LOS ANGELES CA 90025

Form: CCSC

**EXHIBIT 2**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Brian R. Strange, 103252; Gretchen Carpenter, 180525; Tarnina Madsen, 252325 STRANGE & CARPENTER 12100 Wilshire Blvd., Suite 1900 Los Angeles, California 90025 TELEPHONE NO: (310) 207-5055   FAX NO.: (310) 826-3210 ATTORNEY FOR (Name): Plaintiff | RECEIVED FEB - 3 2011 CLERK OF THE SUPERIOR COURT SAN MATEO COUNTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN MATEO**
STREET ADDRESS: **400 County Center**
MAILING ADDRESS:
CITY AND ZIP CODE: **Redwood City, CA 94063**
BRANCH NAME: **Southern Branch**

CASE NAME:
**Faulkner v. ADT Security Services, Inc., et al.**

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: DEPT: |

**FILE BY FAX**

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[✓] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify):
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 3, 2011
Gretchen Carpenter
(TYPE OR PRINT NAME)                    ► _(signature)_
                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 (Rev. July 1, 2007) | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability (*not asbestos or
    toxic/environmental*) (24)
Medical Malpractice (45)
    Medical Malpractice—
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment*) (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract (*not unlawful detainer
        or wrongful eviction*)
    Contract/Warranty Breach–Seller
        Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage (*not provisionally
    complex*) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
    domain, landlord/tenant, or
    foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment (*non-
        domestic relations*)
    Sister State Judgment
    Administrative Agency Award
        (*not unpaid taxes*)
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
    above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
        harassment*)
    Mechanics Lien
    Other Commercial Complaint
        Case (*non-tort/non-complex*)
    Other Civil Complaint
        (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition (*not specified
    above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

**EXHIBIT 3**

21.25 2/7/11

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ADT SECURITY SERVICES, INC.; ADT SECURITY SYSTEMS, WEST, INC.; TYCO INTERNATIONAL (US) INC.; and DOES 1 through 10

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

(ENDORSED)
**FILED**
SAN MATEO COUNTY

FEB - 3 2011

Clerk of the Superior Court
By _____ G. Lacey
DEPUTY CLERK

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOHN FAULKNER, on behalf of himself and all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SAN MATEO SUPERIOR COURT - SOUTHERN BRANCH
400 County Center
Redwood City, California 94063

CASE NUMBER:
*(Número del Caso):*
CIV 502020

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Brian R. Strange, 103252                          (310) 207-5055
STRANGE & CARPENTER
12100 Wilshire Blvd., Suite 1900
Los Angeles, California 90025

DATE:
*(Fecha)* FEB - 3 2011          Clerk, by      G. LACEY          , Deputy
                                *(Secretario)*                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): ADT Security Services, Inc.

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal Solutions Plus

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465

# EXHIBIT 4

1  Brian R. Strange, Bar No. 103252
   lacounsel@earthlink.net
2  Gretchen Carpenter, Bar No. 180525
   gcarpenter@strangeandcarpenter.com
3  Tamina Madsen, Bar No. 252325
   tmadsen@strangeandcarpenter.com
4  STRANGE & CARPENTER
   12100 Wilshire Blvd. Suite 1900
5  Los Angeles, California 90025
   Tel: (310) 207-5055
6  Fax: (310) 826-3210

7  Attorneys for Plaintiff

8

9

**FILED**
SAN MATEO COUNTY

FEB 1 7 2011

Clerk of the Superior Court
By _____
DEPUTY CLERK

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                        COUNTY OF SAN MATEO

12                           SOUTHERN DIVISION

13

14  JOHN FAULKNER, on behalf of himself and ) Case No. CIV-502920
    all others similarly situated,          )
15                                          ) **PROOF OF SERVICE OF SUMMONS**
                   Plaintiff,               ) **AND COMPLAINT ON DEFENDANT**
16                                          ) **ADT SECURITY SYSTEMS, WEST, INC.**
    vs.                                     )
17                                          )
    ADT SECURITY SERVICES, INC.; ADT        )
18  SECURITY SYSTEMS, WEST, INC.; TYCO      )
    INTERNATIONAL (US) INC.; and DOES 1     ) Assigned to the Honorable Robert D. Foiles,
19  through 10,                             ) Dept. 21
                                            )
20                 Defendants.              )
                                            ) Action Filed on February 3, 2011
21

22

23

24

25

26

27

28

ORIGINAL    BY FACSIMILE

ATTORNEY OF PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):          POS-010
BRIAN R. STRANGE                                103252
STRANGE & CARPENTER
12100 WILSHIRE BLVD., SUITE 1900            *FOR COURT USE ONLY*
LOS ANGELES, CA 90025
 TELEPHONE: (310) 207-5055
ATTORNEY FOR:
  SAN MATEO SUP.CT./REDWOOD CITY
 STREET ADDRESS: per rule 2.15) (a)(8):
 MAILING ADDRESS: the address of the court is not required
CITY AND ZIP CODE:
 BRANCH NAME:

Plaintiff          FAULKNER
Defendant          ADT SECURITY SERVICES, INC.                CASE NUMBER:
                                                               CIV502920
              PROOF OF SERVICE OF SUMMONS                      Clt. Ref. or File No.:
         (Separate proof of service is required for each party served.)   FAULKNER

1. At the time of service I was at least 18 years of age and not a party to this action.   HEARING:
                                                                                            DATE: 06/02/11
2. I served copies of:                                                                      TIME: 9:00
                                                                                            DIV/DEPT: 2
     SUMMONS; CLASS ACTION COMPLAINT; CIVIL CASE COVER SHEET; CERTIFICATE RE
     COMPLEX CASE DESIGNATION; NOTICE OF CASE MANAGEMENT CONFERENCE; CASE
     MANAGEMENT STATEMENT (BLANK); COURT MANAGEMENT - SUPERIOR COURT DIVISION II;
     NOTICE OF COMPLEX CASE STATUS CONFERENCE; ADR PACKAGE;

3.    a. [XX] Party served
          ADT SECURITY SYSTEMS, WEST, INC.

      b. (XX) Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not
         a person under item 5b on whom substituted service was made) (specify name and relationship to the party
         named in item 3a):
          CT CORP., AUTHORIZED AGENT, MARGARET WILSON

4. Address where the party was served  818 WEST SEVENTH STREET STE200
                                       Los Angeles CA 90017

5. I served the party (check proper box)
      a. [XX] by personal service. I personally delivered the documents list in item 2 to the party or person authorized
         to receive service of process for the party (1) on (date): 02/07/11 (2) at (time): 2:25 pm.

          (4) [___] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be
              served at the place where the copies were left (Code Civ. Proc., 415.20).  I mailed the documents
              on (date):             from (city):                 or [___] a declaration of mailing is attached.
          (5) [___] I attach a declaration of diligence stating actions taken first to attempt personal service.

Computer-generated form              PROOF OF SERVICE OF SUMMONS                         Page 1 of 2
Judicial Council of California
POS-010 (Rev. January 1, 2007)        GO  11 marinen                    Code of Civil Procedure, 417.10

AX0211-1122342

| Plaintiff | FAULKNER |
|---|---|
| Defendant | ADT SECURITY SERVICES, INC. |

CASE NUMBER:
CIV502920

   c. [___] by mail and acknowledgment of receipt of service. I mailed the documents listed
      in item 2 to the party to the address shown in item 4, by first-class mail,
      postage prepaid.

      (1) on (date):                        (2) from (city):

      (3) [___] with two copies of the Notice and Acknowledgment of Receipt (form 982(a)(4)
          and a postage paid return envelope addressed to me.  (Attach completed
          Notice and Acknowledgement of Receipt (form 982(a)(4).) (Code of Civ.
          Proc., 415.30).)

      (4) [___] to an address outside California with return receipt requested.
          (Code Civ. Proc., 415.40)
   d. [___] by other means specify: means of service and authorizing code section):

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [___] as an individual defendant.
   b. [___] as the person sued under the fictitious name of (specify):

   c. [___] as occupant/tenant.
   d. [XX] on behalf of:
        ADT SECURITY SYSTEMS, WEST, INC.

      under the following Code of Civil Procedure section:
      [XX] CCP 416.10 (corporation)                    [___] 416.60 (minor)
      [___] 416.20 (defunct corporation)               [___] 416.70 (ward or conservatee)
      [___] 416.30 (joint stock or company association) [___] 416.90 (authorized person)
      [___] 416.40 (association or partnership)         [___] 415.46 (occupant/tenant)
      [___] 416.50 (public entity)                     [___] other:
      [___] CCP 415.55 (business organization, form unknown)

7. Person who served papers
   a. Name: L. GARCIA
   b. Address: 7124 Owensmouth Ave., #106, Canoga Park CA 91303
   c. Telephone number: (818) 763-6931
   d. The fee for service was: $   38.95   (recoverable under CCP1033.5(a)(4)(B))
   e. I am:
      (1) [___] not a registered California process server.
      (2) [___] exempt from registration under Business and Professions Code
          Section 22350(b).
      (3) [XX] registered California process server:
          (i) [___] Owner  [XX] Employee  [___] Independent contractor.
          (ii) Registration No.: 3644
          (iii) County LOS ANGELES

8. [XX] I declare under penalty of perjury under the laws of the State of California that
   the foregoing is true and correct.
   or
9. [___] I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 02/08/11

L. GARCIA
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)            (SIGNATURE)

Computer-generated form                    PROOF OF SERVICE OF SUMMONS                 Page 2 of 2
Judicial Council of California                                                Code of Civil Procedure, 417.10
POS-010 (Rev. January 1, 2007)        GO  11

**EXHIBIT 5**

**FILED**
SAN MATEO COUNTY

FEB 1 7 2011

Clerk of the Superior Court
By _Clemeomon_
DEPUTY CLERK

1  Brian R. Strange, Bar No. 103252
   lacounsel@earthlink.net
2  Gretchen Carpenter, Bar No. 180525
   gcarpenter@strangeandcarpenter.com
3  Tamina Madsen, Bar No. 252325
   tmadsen@strangeandcarpenter.com
4  STRANGE & CARPENTER
   12100 Wilshire Blvd., Suite 1900
5  Los Angeles, California 90025
   Tel: (310) 207-5055
6  Fax: (310) 826-3210

7  Attorneys for Plaintiff

8

9

10        SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                 COUNTY OF SAN MATEO

12                   SOUTHERN DIVISION

13  JOHN FAULKNER, on behalf of himself and ) Case No. CIV-502920
    all others similarly situated,          )
14                                           ) **PROOF OF SERVICE OF SUMMONS**
                     Plaintiff,              ) **AND COMPLAINT ON DEFENDANT**
15                                           ) **ADT SECURITY SERVICES, INC.**
    vs.                                      )
16                                           )
    ADT SECURITY SERVICES, INC.; ADT         )
17  SECURITY SYSTEMS, WEST, INC.; TYCO       )
    INTERNATIONAL (US) INC.; and DOES 1      )
18  through 10,                              ) Assigned to the Honorable Robert D. Foiles,
                                             ) Dept. 21
19                   Defendants.             )
                                             ) Action Filed on February 3, 2011
20                                           )

21

22

23

24

25

26

27

28

                                        1
                   Proof of Service of Summons and Complaint

ORIGINAL  BY FACSIMILE

POS-010

ATTORNEY OF PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
BRIAN R. STRANGE
STRANGE & CARPENTER                                        103252
12100 WILSHIRE BLVD., SUITE 1900
LOS ANGELES, CA 90025
    TELEPHONE: (310) 207-5055
ATTORNEY FOR:
    SAN MATEO SUP.CT./REDWOOD CITY
    STREET ADDRESS: per rule 2.15) (a)(8):
    MAILING ADDRESS: the address of the court is not required
CITY AND ZIP CODE:
    BRANCH NAME:

FOR COURT USE ONLY

Plaintiff      FAULKNER
Defendant      ADT SECURITY SERVICES, INC.

CASE NUMBER:
CIV502920

                        PROOF OF SERVICE OF SUMMONS               Cls. Ref. or File No.:
                (Separate proof of service is required for each party served.)      FAULKNER

                                                                  HEARING:
1. At the time of service I was at least 18 years of age and not a party to this action.      DATE: 06/02/11
                                                                  TIME: 9:00
2. I served copies of:                                            DIV/DEPT: 2

    SUMMONS; CLASS ACTION COMPLAINT; CIVIL CASE COVER SHEET; CERTIFICATE RE
    COMPLEX CASE DESIGNATION; NOTICE OF CASE MANAGEMENT CONFERENCE; CASE
    MANAGEMENT STATEMENT (BLANK); COURT MANAGEMENT - SUPERIOR COURT DIVISION II;
    NOTICE OF COMPLEX CASE STATUS CONFERENCE; ADR PACKAGE;

3.    a. [XX] Party served
            ADT SECURITY SERVICES, INC.

      b. [XX] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not
           a person under item 5b on whom substituted service was made) (specify name and relationship to the party
           named in item 3a):
           CT CORP., AUTHORIZED AGENT, MARGARET WILSON

4. Address where the party was served   818 WEST SEVENTH STREET STE200
                                         Los Angeles CA 90017

5. I served the party (check proper box)
      a. [XX] by personal service. I personally delivered the documents list in item 2 to the party or person authorized
              to receive service of process for the party (1) on (date): 02/07/11 (2) at (time): 2:25 pm.

        (4) [___  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be
              served at the place where the copies were left (Code Civ. Proc., 415.20). I mailed the documents
              on (date):                    from (city):                    or [___] a declaration of mailing is attached.
        (5) [___  I attach a declaration of diligence stating actions taken first to attempt personal service.

Computer-generated form           PROOF OF SERVICE OF SUMMONS                          Page 1 of 2
Judicial Council of California                                          Code of Civil Procedure, 417.10
POS-010 (Rev. January 1, 2007)      GO 11 marineh

AX0211-1122411

02/17/2011  14:39    4158822260              PLS                              PAGE  04/18

Plaintiff        FAULKNER
Defendant        ADT SECURITY SERVICES, INC.                    CASE NUMBER:
                                                                CIV502920

c. [__]  by mail and acknowledgment of receipt of service. I mailed the documents listed
          in item 2 to the party, to the address shown in Item 4, by first-class mail,
          postage prepaid.

   (1) on (date):                (2) from (city):
   (3) [__]  with two copies of the Notice and Acknowledgment of Receipt (form 982(a)(4)
              and a postage paid return envelope addressed to me.  (Attach completed
              Notice and Acknowledgment of Receipt (form 982(a)(4).) (Code of Civ.
              Proc., 415.30).)

   (4) [__]  to an address outside California with return receipt requested.
              (Code Civ. Proc., 415.40)

d. [__]  by other means specify means of service and authorizing code section):


6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [__]  as an individual defendant.
   b. [__]  as the person sued under the fictitious name of (specify):

   c. [__]  as occupant/tenant.
   d. [XX]  on behalf of:
                 ADT SECURITY SERVICES, INC.


              under the following Code of Civil Procedure section:
              [XX] CCP 416.10 (corporation)                [__] 416.60 (minor)
              [__] 416.20 (defunct corporation)            [__] 416.70 (ward or conservatee)
              [__] 416.30 (joint stock or company association) [__] 416.90 (authorized person)
              [__] 416.40 (association or partnership)     [__] 415.46 (occupant/tenant)
              [__] 416.50 (public entity)                  [__] other:
              [__] CCP 415.95 (business organization, form unknown)

7. Person who served papers
   a. Name: L. GARCIA
   b. Address: 7124 Owensmouth Ave., #106, Canoga Park CA 91303
   c. Telephone number: (818) 763-6931
   d. The fee for service was: $      38.95   (recoverable under CCP1033.5(a)(4)(B))
   e. I am:
      (1) [__]  not a registered California process server.
      (2) [__]  exempt from registration under Business and Professions Code
                Section 22350(b).
      (3) [XX]  registered California process server:
                (i) [__]  Owner   [XX] Employee   [__]  Independent contractor.
                (ii) Registration No.: 3644
                (iii) County  LOS ANGELES

8. [XX] I declare under penalty of perjury under the laws of the State of California that
        the foregoing is true and correct.
        or
9. [__] I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 02/08/11

L. GARCIA
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                 (SIGNATURE)

Computer-generated form                PROOF OF SERVICE OF SUMMONS             Page 2 of 2
Judicial Council of California                                        Code of Civil Procedure, 417.10
POS-010 (Rev. January 1, 2007)         GO  11

**EXHIBIT 6**

02/17/2011  14:39   4158022260                         PLS                                    PAGE  08/10

1  Brian R. Strange, Bar No. 103252
   lacounsel@earthlink.net
2  Gretchen Carpenter, Bar No. 180525
   gcarpenter@strangeandcarpenter.com
3  Tamina Madsen, Bar No. 252325
   tmadsen@strangeandcarpenter.com
4  STRANGE & CARPENTER
   12100 Wilshire Blvd.  Suite 1900
5  Los Angeles, California 90025
   Tel: (310) 207-5055
6  Fax: (310) 826-3210

7  Attorneys for Plaintiff

8

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                      COUNTY OF SAN MATEO

12                        SOUTHERN DIVISION

13

14  JOHN FAULKNER, on behalf of himself and      Case No. CIV-502920
    all others similarly situated,
15                                               PROOF OF SERVICE OF SUMMONS
                    Plaintiff,                   AND COMPLAINT ON DEFENDANT
16                                               TYCO INTERNATIONAL (US) INC.
    vs.
17
    ADT SECURITY SERVICES, INC.; ADT
18  SECURITY SYSTEMS, WEST, INC.; TYCO
    INTERNATIONAL (US) INC.; and DOES 1
19  through 10,                                  Assigned to the Honorable Robert D. Foiles,
                                                 Dept. 21
20                  Defendants.
                                                 Action Filed on February 3, 2011
21

22

23

24

25

26

27

28

1

─────────────────────────────────────────────────────────
Proof of Service of Summons and Complaint

ORIGINAL  BY FACSIMILE

FILED
SAN MATEO COUNTY

FEB 1 7 2011

Clerk of the Superior Court
By _____
        DEPUTY CLERK

02/17/2011  14:39    4158822260           PLS                        PAGE  09/10

ATTORNEY OF PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):          POS-010
BRIAN R. STRANGE
STRANGE & CARPENTER                              103252          FOR COURT USE ONLY
12100 WILSHIRE BLVD., SUITE 1900
LOS ANGELES, CA 90025
     TELEPHONE: (310) 207-5055
ATTORNEY FOR:
     SAN MATEO SUP.CT./REDWOOD CITY
     STREET ADDRESS: per rule 2.15 (a)(8);
     MAILING ADDRESS: the address of the court is not required
CITY AND ZIP CODE:
     BRANCH NAME:

Plaintiff      FAULKNER
Defendant      ADT SECURITY SERVICES, INC.                    CASE NUMBER:
                                                              CIV502920
               PROOF OF SERVICE OF SUMMONS                    Clr. Ref. or File No.:
     (Separate proof of service is required for each party served.)      FAULKNER

1. At the time of service I was at least 18 years of age and not a party to this action.      HEARING:
                                                              DATE: 06/02/11
2. I served copies of:                                        TIME: 9:00
     SUMMONS; CLASS ACTION COMPLAINT; CIVIL CASE COVER SHEET; CERTIFICATE RE      DIV/DEPT: 2
     COMPLEX CASE DESIGNATION; NOTICE OF CASE MANAGEMENT CONFERENCE; CASE
     MANAGEMENT STATEMENT (BLANK); NOTICE OF COMPLEX CASE STATUS CONFERENCE;
     COURT MANAGEMENT - SUPERIOR COURT DIVISION II; ADR PACKAGE;

3.    a.[XX] Party served
          TYCO INTERNATIONAL (US) INC.

      b.[XX] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not
          a person under item 5b o whom substituted service was made) (specify name and relationship to the party
          named in item 3a):
          CT CORP., AUTHORIZED AGENT, MARGARET WILSON

4. Address where the party was served  818 WEST SEVENTH STREET # 200
                                        Los Angeles CA 90017

5. I served the party (check proper box)
   a.[XX] by personal service. I personally delivered the documents list in item 2 to the party or person authorized
          to receive service of process for the party (1) on (date): 02/07/11 (2) at (time): 2:26 pm.

      (4) [___] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be
               served at the place where the copies were left (Code Civ. Proc., 415.20).   I mailed the documents
               on (date):              from (city):                    or [___] a declaration of mailing is attached.
      (5) [___] I attach a declaration of diligence stating actions taken first to attempt personal service.

Computer-generated form
Judicial Council of California          PROOF OF SERVICE OF SUMMONS                     Page 1 of 2
POS-010 (Rev. January 1, 2007)          GO 11 narinoh                      Code of Civil Procedure, 417.10
                                                                     AX0211-1122340?

02/17/2011  14:39    4156822260                     PLS                              PAGE  10/10

Plaintiff            FAULKNER
Defendant            ADT SECURITY SERVICES, INC.                          CASE NUMBER:
                                                                          CIV502920

c. [___] by mail and acknowledgment of receipt of service. I mailed the documents listed
         in item 2 to the party, to the address shown in Item 4, by first-class mail,
         postage prepaid.

    (1) on (date):                    (2) from (city):
    (3) [___] with two copies of the Notice and Acknowledgment of Receipt (form 982(a)(4)
             and a postage paid return envelope addressed to me. (Attach completed
             Notice and Acknowledgment of Receipt (form 982(a)(4).) (Code of Civ.
             Proc., 415.30).)

    (4) [___] to an address outside California with return receipt requested.
             (Code Civ. Proc., 415.40)
d. [___] by other means specify means of service and authorizing code section):


6. The "Notice to the Person Served" (on the summons) was completed as follows:
    a.[___] as an individual defendant.
    b.[___] as the person sued under the fictitious name of (specify):

    c.[___] as occupant/tenant.
    d.[XX] on behalf of:
            TYCO INTERNATIONAL (US) INC.


            under the following Code of Civil Procedure section:
            [XX] CCP 416.10 (corporation)              [___] 416.60 (minor)
            [___] 416.20 (defunct corporation)         [___] 416.70 (ward or conservatee)
            [___] 416.30 (joint stock or company association)  [___] 416.90 (authorized person)
            [___] 416.40 (association or partnership)  [___] 415.46 (occupant/tenant)
            [___] 416.50 (public entity)               [___] other:
            [___] CCP 415.95 (business organization, form unknown)

7. Person who served papers
    a. Name: L. GARCIA
    b. Address: 7124 Owensmouth Ave., #106, Canoga Park CA 91303
    c. Telephone number: (818) 753-6931
    d. The fee for service was: $    97.95    (recoverable Under CCP1033.5(a)(4)(B))
    e. I am:
        (1) [___] not a registered California process server.
        (2) [___] exempt from registration under Business and Professions Code
                  Section 22350(b).
        (3) [XX] registered California process server:
                 (i) [___] owner  [XX] employee  [___] independent contractor.
                 (ii) Registration No.: 3644
                 (iii) County: LOS ANGELES

8. [XX] I declare under penalty of perjury under the laws of the State of California that
        the foregoing is true and correct.
        or
9. [___] I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 02/08/11

L. GARCIA
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                    (SIGNATURE)

Computer-generated form          PROOF OF SERVICE OF SUMMONS              Page 2 of 2
Judicial Council of California                                           Code of Civil Procedure, 417.10
POS-010 (Rev. January 1, 2007)        GC: 11