1  Harry P. "Hap" Weitzel (SBN 149934)
2  Jeffrey M. Goldman (SBN 233840)
   Pepper Hamilton LLP
3  4 Park Plaza, Suite 1200
   Irvine, California  92614
4  Telephone:  949.567.3500
   Fax:  949.863.0151
5  E-mail: weitzelh@pepperlaw.com
6  E-mail: goldmanj@pepperlaw.com

7

8  Attorneys for ADT SECURITY SERVICES INC. and
   ADT SECURITY SYSTEMS, WEST, INC.
9

10            **UNITED STATES DISTRICT COURT**

11            **NORTHERN DISTRICT OF CALIFORNIA**

12  JOHN FAULKNER, on behalf of          Case No. CV 11-0968-JSW
13  himself and all others similarly situated,
                                          Honorable:  Jeffrey S. White
14                Plaintiff,
                                          **DEFENDANTS ADT SECURITY**
15        v.                              **SERVICES, INC. AND ADT SECURITY**
                                          **SYSTEMS, WEST, INC.'S NOTICE OF**
16  ADT SECURITY SERVICES, INC.;          **MOTION AND MOTION TO**
17  ADT SECURITY SYSTEMS, WEST,
    INC.; TYCO INTERNATIONAL              **(1) DISMISS PLAINTIFF JOHN**
18  (U.S.) INC. and DOES 1 through 10,    **FAULKNER'S COMPLAINT;**

19                Defendant.              **OR, IN THE ALTERNATIVE**

20                                        **(2) STRIKE CLASS ALLEGATIONS**

21                                        **[FRCP 12(b)(6), 12(f), and 23]**

22
                                          Hearing Date:  May 13, 2011
23                                        Time:  9:00 a.m.
                                          Courtroom: 11
24

25

26

27

28

#14000673 v4

DEFENDANTS ADT SECURITY SERVICES, INC. AND ADT SECURITY SYSTEMS, WEST, INC.'S NOTICE OF MOTION TO (1)
DISMISS PLAINTIFF JOHN FAULKNER'S COMPLAINT; AND (2) STRIKE CLASS ALLEGATIONS – CV 11-0968-JSW

# TABLE OF CONTENTS

**Page**

SUMMARY OF ARGUMENT (CIVIL STANDING ORDER, ¶ 6) ................................. 3

I.      INTRODUCTION. ...................................................................................... 4

II.     STATEMENT OF FACTS. ........................................................................ 6

III.    ARGUMENT. ............................................................................................ 7

    **A.**    Plaintiff's Second Cause of Action for Violation of Penal Code Section 631 Should Be Dismissed. ........................................................... 7

    **B.**    The First Cause of Action for Violation of Penal Code Section 632 Should Also Be Dismissed. ........................................................ 9

    **C.**    If the Complaint is Not Dismissed in Its Entirety, the Class Allegations Should be Stricken ........................................................................ 12

    **D.**    Defendants ADT Security Systems, West, Inc. and Tyco International (US) Inc. Cannot Be Liable For Violations of Section 631 and 632. ......... 16

IV.     CONCLUSION. ....................................................................................... 17

#14000673 v4            -i-

DEFENDANTS ADT SECURITY SERVICES, INC. AND ADT SECURITY SYSTEMS, WEST, INC.'S NOTICE OF MOTION TO (1) DISMISS PLAINTIFF JOHN FAULKNER'S COMPLAINT; AND (2) STRIKE CLASS ALLEGATIONS – CV 11-0968-JSW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Air Transport Ass'n v. Public Utilities Comm'n*, 833 F. 2d 200 (9th Cir. 1987) .............. 10

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997) .................................... 14

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ...................................... 13

*Branch v. Tunnell*, 14 F.3d 439 (1994) .......................................................... 5

*Condit v. Dunne*, 317 F. Supp. 2d 344 (S.D.N.Y. 2004)................................... 7

*Davis v. Homecomings Fin.*, Case No. C05-1466RSL, 2006 U.S. Dist. LEXIS
77381 (W.D. Wash. Oct. 10, 2006) ................................................................. 15

*Dumas v. Albers Med., Inc.*, Case No. 03-0640 CV-W-GAF, 2005 U.S. Dist.
LEXIS 33482, at *20-21 (W.D. Mo. Sept. 7, 2005)..................................... 14

*Flanagan v. Flanagan*, 27 Cal. 4th 766 (2002)............................................. 2, 10

*Forest E. Olson, Inc. v. Super. Ct.*, 63 Cal. App. 3d 188 (1976) ........................ 2, 4, 9, 11

*Gen. Tele. Co. v. EEOC*, 446 U.S. 318 (1980).................................................... 14

*Gomez. v. Illinois State Bd. of Educ.*, 117 F.R.D. 394 (N.D. Ill. 1987) ........................... 16

*Hovsepian v. Apple, Inc.*, Case No. 08-5788 JF (PVT), 2009 U.S. Dist. LEXIS
117562 (N.D. Cal. Dec. 17, 2009) ....................................................... 13, 14

*Jue v. Costco Wholesale Corp.*, No. C 10-00033 WHA, 2010 U.S. Dist. LEXIS
22394 (N.D. Cal. Mar. 11, 2010)............................................................... 13

*Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95 (2006)................................... 9, 10

*Knievel v. ESPN, Inc.*, 223 F. Supp. 2d 1173 (D. Mont. 2002)........................... 7

*Kreiss v. McCown Deleeuw & Co.*, 37 F. Supp. 2d 294 (S.D.N.Y. 1999)........................ 7

*Lozano v. AT&T Wireless Svc's*, 504 F.3d 718 (9th Cir. 2007) ........................... 2, 15

*M.S. Wholesale Plumbing, Inc. v. Univ. Sports Publ'ns Co.*, No. 4:07 CV 00730,
2008 WL 90022 (E.D. Ark. Jan. 7, 2008)............................................... 13

*Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985) ........................................ 13

*Montalti v. Catanzariti*, 191 Cal. App. 3d 96 (1987) ........................................................... 8

*Ribas v. Clark*, 38 Cal. 3d 355 (1985) ................................................................... 2, 4, 7, 8

*Rodgers v. Ulrich*, 52 Cal. App. 3d 894 (1975) ................................................. 1, 3, 4, 8, 10

*Schwartz v. Upper Deck Co.*, 183 F.R.D. 672 (S.D. Cal. 1999) ....................................... 15

*Stratton v. AM. Med. Sec. Inc.*, 266 F.R.D. 340 (D. Ariz. 2009) ..................................... 15

*Tietsworth v. Sears, Roebuck and Co.*, 720 F. Supp. 2d 1123 (N.D. Cal. 2010) ........ 12, 16

*Warden v. Kahn*, 99 Cal. App. 3d 805 (1979) ........................................................... passim

**STATUTES**

California Penal Code section 630 ....................................................................................... 8

California Penal Code section 631 ................................................................................ passim

California Penal Code section 632 ................................................................................ passim

**OTHER AUTHORITIES**

47 C.F.R. § 64.501 ................................................................................................... 10, 11

California Public Utilities Comm'n Gen. Order, 107-13 ................................................. 11

Federal Rule of Civil Procedure 8 ................................................................................... 13

Federal Rule of Civil Procedure 12 ............................................................................. 1, 12

Federal Rule of Civil Procedure 23 ......................................................... 12, 13, 14, 15

#14000673 v4

-iii-

DEFENDANTS ADT SECURITY SERVICES, INC. AND ADT SECURITY SYSTEMS, WEST, INC.'S NOTICE OF MOTION TO (1)
DISMISS PLAINTIFF JOHN FAULKNER'S COMPLAINT; AND (2) STRIKE CLASS ALLEGATIONS – CV 11-0968-JSW

1   **TO THE HONORABLE COURT, ALL PARTIES, AND ALL ATTORNEYS**

2   **OF RECORD:**

3      **PLEASE TAKE NOTICE** that, on May 13, 2011, at 9:00 a.m., at the United

4   States District Court for the Northern District of California, located at Phillip Burton

5   Federal Building & United States Courthouse, Courtroom 11 - 19th Floor, 450 Golden

6   Gate Avenue, San Francisco, CA 94102, the Honorable Judge Jeffrey S. White presiding,

7   Defendants ADT Security Services, Inc.; and ADT Security Systems, West, Inc.

8   ("Defendants") will, and hereby do, move the Court for an order (i) dismissing with

9   prejudice Plaintiff John Faulkner's Complaint, and each and every cause of action therein,

10  pursuant to FRCP 12(b)(6); or, in the alternative, (ii) striking with prejudice all class

11  allegations therein pursuant to FRCP 12(f) and 23.

12     The Motion seeks the following:

13     (i) dismissal of Plaintiff's Second Cause of Action for violation of California Penal

14  Code section 631, on the grounds that the statute prohibits only the recording of a

15  telephone conversation by a <u>third party</u>, not a participant to the conversation. *Rodgers v.*

16  *Ulrich*, 52 Cal. App. 3d 894, 898-99 (1975).  Here, the Complaint alleges recording by

17  ADT, who is also alleged to be the participant.  Thus, Plaintiff fails to state a cause of

18  action for violation of Penal Code section 631;

19     (ii) dismissal of Plaintiff's First Cause of Action for violation of California Penal

20  Code section 632, on the grounds that Plaintiff (i) heard periodic "beep tones" during the

21  call and admits he was told the conversation was being recorded; and (ii) was advised of

22  the fact that his call was being monitored before his conversation. *Warden v. Kahn*, 99

23  Cal. App. 3d 805, 812 (1979).  He therefore had knowledge that the calls were being

24  recorded and could not have reasonably considered such a call to be a "confidential

25  communication";

26     (iii) an Order striking the class allegations pursuant to FRCP 12(f) and 23 because,

27  on the facts alleged in the Complaint, a class cannot be maintained as a matter of law.

28  Individualized issues will necessarily predominate and the class is not ascertainable

1    because the claims at issue involve the state of mind of the callers – whether they knew of

2    or consented to the recording of their calls and whether they had a reasonable expectation

3    of confidentiality.  These deficiencies cannot be cured; and

4           (iv) dismissal of all defendants except for ADT Security Services, Inc., because

5    only the entity that allegedly directly commits a violation of Penal Code sections 631 or

6    632 can be found liable.  *Kahn*, 99 Cal. App. 3d at 815.  Here, the entity that recorded the

7    phone calls at issue was ADT Security Services, Inc., not the other named defendants.

8           The Motion is based upon this Notice of Motion and Motion, the attached Exhibits

9    1 and 2; the Supporting Memorandum of Points and Authorities; all documents within the

10    Courts file; and any argument provided at the hearing upon this Motion.

11

12    Dated: March 21, 2011                    PEPPER HAMILTON LLP

13

14                                              By: /s/ Jeffrey M. Goldman
                                                     Jeffrey M. Goldman
15                                                   Attorney for ADT Security Services,
                                                     Inc.; and ADT Security Systems, West,
16                                                   Inc.

17

18

19

20

21

22

23

24

25

26

27

28
     DEFENDANTS ADT SECURITY SERVICES, INC. AND ADT SECURITY SYSTEMS, WEST, INC.'S NOTICE OF MOTION TO (1)
     DISMISS PLAINTIFF JOHN FAULKNER'S COMPLAINT; AND (2) STRIKE CLASS ALLEGATIONS – CV 11-0968-JSW

1

## SUMMARY OF ARGUMENT (CIVIL STANDING ORDER, ¶ 6)

2       Plaintiff claims that ADT Security Services, Inc. ("ADT") violated Penal Code sections

3  631 and 632 by recording a telephone call he made to ADT without his consent.  He seeks to

4  represent a class of all those whose telephone conversations were recorded by Defendants

5  "without their consent to the recording."  Compl. at ¶ 13.  The Complaint should be dismissed or,

6  alternatively, the class allegations should be stricken.

7       <u>First</u>, Penal Code section 631 only applies to the recording of conversations by *third*

8  *parties.  Ribas v. Clark*, 38 Cal. 3d 355, 359 (1985); *Rodgers v. Ulrich*, 52 Cal. App. 3d 894, 898-

9  99 (1975).  The Complaint does not allege that any third party recorded Mr. Faulkner's

10 conversations with ADT; rather, it alleges that *ADT* recorded the call.

11      <u>Second</u>, Penal Code section 632 only prohibits the recording of a two-way phone call, if

12 one party to the call does not know about the recording.  *Forest E. Olson, Inc. v. Super. Ct.*, 63

13 Cal. App. 3d 188, 191 (1976).  There also needs to be an objectively reasonable expectation that

14 the conversation will not be overheard or recorded.  *Flanagan v. Flanagan*, 27 Cal. 4th 766, 768

15 (2002); Cal. Pen. Code § 632(c).  Mr. Faulkner does not allege that he lacked ***knowledge*** that the

16 call was being monitored or recorded, and, in fact, he admits that he heard beep tones and was

17 told the call was being monitored and recorded at the outset of the call.

18      <u>Third</u>, the class allegations should be stricken because Plaintiff cannot certify a class.  To

19 prove a Penal Code violation for any given customer, each customer will need to prove that he

20 did not know about call recording; did not consent to its recording; and reasonably expected that

21 the call would be confidential.  Such individualized inquiries delving into people's "reasonable

22 expectations" defeats any chance at certification here.  *Lozano v. AT&T Wireless Svc's*, 504 F.3d

23 718, 735 (9th Cir. 2007).

24      <u>Fourth</u>, only the party that allegedly committed the violation can be found liable for the

25 claims alleged by Plaintiff.  *Warden v. Kahn*, 99 Cal. App. 3d 805, 815 (1979).  Only ADT

26 provides Mr. Faulkner's monitoring service and spoke with Mr. Faulkner; the other two entities

27 should thus be dismissed.

28      #14000673 v1  For these reasons, ADT respectfully requests that the Motion be granted.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION.

Plaintiff John Faulkner sues ADT Security Services, Inc. ("ADT"), claiming that it violated Penal Code sections 631 and 632 by recording a telephone call he made to ADT without his consent.  He seeks to represent a class of all of ADT's California customers whose telephone conversations were recorded by Defendants "without their consent to the recording."  Compl. at ¶ 13.  Mr. Faulkner brings this claim despite the fact that:

(i) Mr. Faulkner admits that he heard "beep tones" during his call, and was then told his call was being recorded by ADT (and not any other third party); and

(ii) Mr. Faulkner received a recorded notice that his phone calls would be monitored for quality control purposes, prior to speaking with any ADT representative.

Mr. Faulkner's complaint should be dismissed or, at the very least, the class allegations should be stricken for the following reasons.

First, Penal Code section 631 only applies to the recording of conversations by *third* parties.  *Ribas v. Clark*, 38 Cal. 3d 355, 359 (1985); *Rodgers v. Ulrich*, 52 Cal. App. 3d 894, 898-99 (1975).  The Complaint does not allege that any third party recorded Mr. Faulkner's conversations with ADT; rather, it alleges that *ADT* recorded the call.

Second, Penal Code section 632 only prohibits the recording of a two-way phone call, if one party to the call does not know about the recording.  *Forest E. Olson, Inc. v. Super. Ct.*, 63 Cal. App. 3d 188, 191 (1976) ("We thus conclude that a participant to a telephonic communication is exempted from [Section 632's] prohibition against recording such communication . . . if the other participant to the communication knows that it is being recorded.").  Even without actual knowledge, there needs to be an objectively reasonable expectation that the conversation is confidential.  While Mr. Faulkner alleges that he did not consent to recording the call, nowhere does he allege that he did not have ***knowledge*** that the call was being monitored or recorded.   To the contrary, his own allegations that he heard beep tones and was told the call was being recorded show that he

knew the call was being recorded or, at a minimum, had no reasonable expectation that it would not be recorded.

Third, even if the Court does not dismiss the Complaint in its entirety, the class allegations should be stricken because Plaintiff can never hope to certify a class.  In order to prove a violation of the Penal Code for any given customer, that customer needs to prove that he did not have knowledge that the call was being recorded, did not consent to its recording, **and** had a reasonable expectation that the call would be kept confidential. As with Mr. Faulkner, because ADT's customers are told that the calls are being recorded, **and** ADT provides "beep tones," as a matter of law no customer could reasonably maintain that they did not expect their call would be overheard or recorded.  At best for plaintiff, the question of whether any given customer had knowledge in light of the circumstances of the call would require an inquiry into that person's state of mind.  As a matter of law, no class can be certified where the state of mind of each putative class member is at issue.

Fourth, the Complaint improperly names ADT Security Systems, West, Inc. and Tyco International (US) Inc. as defendants.  Only the party that allegedly committed the violation can be found liable for the claims alleged by Plaintiff.  *Warden v. Kahn*, 99 Cal. App. 3d 805, 815 (1979) ("[Penal Code] section 637.2 provides for an action only against 'the person who committed the violation.'") (citation omitted).  These entities should be dismissed.

For these reasons, ADT respectfully requests that the Motion be granted.

## II.     **STATEMENT OF FACTS.**

ADT is Plaintiff's home security provider.[1]  Complaint, ¶ 10.  On or about March 4, 2010, Plaintiff called ADT to dispute a charge assessed by ADT.  *Id.*  Plaintiff alleges that, "[h]e was transferred to ADT's technical line, at which point he began hearing periodic beeping sounds during his conversation with the ADT representative."  Plaintiff asked about the beeping and he was told that his conversation was being recorded.  *See* Complaint, ¶ 10.  Plaintiff does not allege that he disclosed any personal or confidential information prior to being told that the conversation was being recorded.   Plaintiff's own allegations thus establish that he knew his call was being recorded, and he does not contend otherwise in the complaint. Plaintiff does allege that he refused to **consent** to being recorded, at which point the conversation ceased.  *Id.* at ¶ 12.

While Plaintiff's complaint refers to certain portions of the call, he ignores other portions of the call.  Most significantly, Plaintiff omits any reference to the automated message that was played to him (as it is to all ADT customers) upon calling ADT.  ADT plays several variations of an introductory message to all callers, depending on what number is called which state either that the call will be "monitored" or "recorded."  While the plaintiff does not state in his complaint the number which he called on the day at issue, it is believed that the message he heard was as follows:  "Thank you for calling ADT Security Services.  **Calls may be monitored for quality purposes.**  For home

---

[1] The Complaint defines "ADT" to include both ADT Security Services, Inc. and ADT Security Systems, West, Inc.  Complaint, ¶ 6.  In reality, Plaintiff had just one home security provider - - ADT Security Services, Inc.  *See* Exhibit 2, Mr. Faulkner's contract with ADT.

The Court may consider this contract in ruling upon ADT's Motion to Dismiss, because the agreement is authentic; and the contract is "pertinent" to the Complaint since the claims arise out of Plaintiff's phone calls to ADT to dispute charges arising under the contract, yet has named non contract signatories as defendants. *Branch v. Tunnell*, 14 F.3d 439, 453 (1994) (citations omitted) (*overruled on other grounds by Crawford-El v. Britton*, 523 U.S. 574 (1998)).  Alternatively, ADT does not object to the Court converting this motion into a motion for summary judgment.

Exhibit 2 contains provisions limiting ADT's liability.  *Id.* at ¶¶ 5, 6.  ADT reserves all rights.

security systems, press 1.  For business security systems, press 2."  The relevant portions of the other potential variations of the recording are provided as audio files in Exhibit 1.[2]

Plaintiff brings claims for violations of Penal Code sections 631 and 632.  He seeks to represent a class consisting of "All persons and entities in California whose telephone conversations with ADT Security Services, Inc.; ADT Security Systems, West, Inc.; and/or Tyco International (US) Inc. (collectively, "Defendants") were recorded by one or more of the Defendants without their consent to the recording of their conversations."  *Id.* at ¶ 13.

## III.   ARGUMENT.

### A.   Plaintiff's Second Cause of Action for Violation of Penal Code Section 631 Should Be Dismissed.

Penal Code section 631[3] only applies to alleged recording of conversations by ***third*** parties.  *Ribas v. Clark*, 38 Cal. 3d 355, 359 (1985).  Because Plaintiff does not allege that

---

[2] The Court may consider this pre-recorded message without converting this into a motion for summary judgment, because it is part of the phone call between Plaintiff and ADT, which is integral to Plaintiff's Complaint.  *Condit v. Dunne*, 317 F. Supp. 2d 344, 357 (S.D.N.Y. 2004) (Court can consider audio recordings that are referenced in a slander complaint when submitted by defendant in support of FRCP 12(b)(6) motion, where "plaintiff relies on them and they are integral to plaintiff's action . . .  They aid the Court in its determination of whether plaintiff states a claim for relief, and by including them in its considerations the Court creates no unfairness to either party.") (citing *Kreiss v. McCown Deleeuw & Co.*, 37 F. Supp. 2d 294, 298, n.3 (S.D.N.Y. 1999); *Knievel v. ESPN, Inc.*, 223 F. Supp. 2d 1173, 1176 (D. Mont. 2002).  In the alternative, if the Court is not inclined to dismiss the Complaint based on the allegations in the Complaint, ADT does not object to the Court converting this motion into a motion for summary judgment to consider the recordings.

Also, ADT presently has recordings of Mr. Faulkner's phone calls at issue in its possession, and will provide them to the Court for *in camera* review if the Court so desires.

[3] California Penal Code Section 631(a) provides:

"Any person who, by means of any machine, instrument, or contrivance, or in any other manner, intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system, or who willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to

a third party recorded the call, and instead seeks to sue ADT – a party to the call – for recording the call, this claim should be dismissed.

This exact issue was analyzed by *Rodgers v. Ulrich*, 52 Cal. App. 3d 894, 898-99 (1975), which explained why a participant who records his or her own phone conversation with another does not violate section 631:

> The statute prohibits three ways of obtaining information being sent over a telephone or telegraph line:
>
> (1) tapping the line,
>
> (2) making an unauthorized connection with the line, and
>
> (3) reading, attempting to read, or learning the contents or meaning of a message while the message is in transit.
>
> As to the third method, a recording made by a participant does not intercept the message while it is in transit; the recording rather transcribes the message as it is being received. . . .  Penal Code section 630 . . . speaks of preventing eavesdropping and other invasions of privacy, thus suggesting that participant recording was not meant to be included. 'Eavesdropping' is the problem the Legislature meant to deal with; 'eavesdrop' is defined in Webster's Seventh New Collegiate Dictionary (1972) as 'to listen secretly to what is said in private.'  It is never a secret to one party to a conversation that the other party is listening to the conversation; only a third party can listen secretly to a private conversation.

_____

(continued...)

> learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state; or who uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section, is punishable by a fine not exceeding two thousand five hundred dollars ($2,500), or by imprisonment in the county jail not exceeding one year, or by imprisonment in the state prison, or by both a fine and imprisonment in the county jail or in the state prison. If the person has previously been convicted of a violation of this section or Section 632, 632.5, 632.6, 632.7, or 636, he or she is punishable by a fine not exceeding ten thousand dollars ($10,000), or by imprisonment in the county jail not exceeding one year, or by imprisonment in the state prison, or by both a fine and imprisonment in the county jail or in the state prison."

1   *See also Montalti v. Catanzariti*, 191 Cal. App. 3d 96, 99, n.2 (1987) (citing *Ribas*, 38

2   Cal. 3d at 359 ("The Supreme Court defined 'eavesdropping' prohibited by Penal Code

3   section 631, subdivision (a) as "the secret monitoring of conversations by third parties.");

4   *Kahn*, 99 Cal. App. 3d at 811 (Section 631 "has been held to apply only to eavesdropping

5   by a third party and not to recording by a participant to a conversation.  [Citation.].")

6        Mr. Faulkner's allegation is that ADT – not a third party – recorded his

7   conversation.  *See, e.g.,* Complaint, ¶ 10 ("Plaintiff was informed by the representative

8   that his telephone conversation was being recorded by ADT."); ¶ 11 ("Plaintiff . . . did not

9   wish to continue the conversation if ADT was going to record it."); ¶ 12 ("The

10  representative informed him that ADT's company policy was to record all telephone calls

11  with its customers.").  He therefore does not plead a claim for the violation of Section

12  631.

13       **B.    The First Cause of Action for Violation of Penal Code Section 632**

14            **Should Also Be Dismissed.**

15       Mr. Faulkner's claim under Penal Code section 632 should also be dismissed,

16  because he does not (and cannot) allege that he was unaware that his call was being

17  monitored and recorded, and cannot plausibly allege that he understood that his call would

18  be "confidential."

19       Section 632(a) prevents a participant to "confidential conversation" from recording

20  the conversation without the other party's "knowledge or consent." *Warden v. Kahn*, 99

21  Cal. App. 3d 805, 812 (1979) (citation omitted).  Because the statute is phrased in the

22  disjunctive, a recording participant is exempted from liability if the other side *either*

23  consents to the recording *or* knows about the recording.  *Kearney v. Salomon Smith*

24  *Barney, Inc.*, 39 Cal. 4th 95, 118 (2006) ("A business that adequately advises all parties to

25  a telephone call, at the outset of the conversation, of its intent to record the call would not

26  violate [Section 632].");  *Forest E. Olson, Inc. v. Super. Ct.*, 63 Cal. App. 3d 188, 191

27  (1976) ("We . . . conclude that a participant to a telephonic communication is exempted

28  from [Section 632's] prohibition against recording such communication . . . if the other

participant to the communication knows that it is being recorded. . . . .  The . . . cause of action . . . pleads only that petitioners recorded conversations without real party's consent. It does not say that real party did not know that the recording was being made. . . .  The . . . cause of action is therefore demurrable.").

A party to a conversation can provide the other with knowledge that the call is being recorded in different ways, such as by a live or recorded statement, *Kearney,* 39 Cal. 4th at 118, or "beep tones" which provide notice of recording.  *See, e.g.,* 47 C.F.R. § 64.501 (FCC tariff regulation recognizing that the use of a beep tone to notify all parties to a conversation that it is being recorded can be used as an alternative to all party consent); *Air Transport Ass'n v. Public Utilities Comm'n*, 833 F. 2d 200, 202 (9th Cir. 1987) (discussing California Public Utilities Commission General Order 107-B, pursuant to which "a person wishing to listen in on a conversation without violating the regulation can provide notice by using a beep-tone warning device audible to all parties to the conversation or by announcing to the parties that the conversation is being monitored."); *Rogers*, 52 Cal. App. 3d at 897 (suggesting existence of a beep tone is evidence that call is being recorded).

Also, to establish a violation of section 632, it is not enough for Plaintiff to establish that a conversation was recorded without his knowledge or consent.  The Plaintiff must also show that the conversation was "confidential." Section 632(c) defines "confidential conversation" as:

> any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto . . . . but excludes a communication made in a public gathering . . . or in any other circumstance in which the parties to the communication may reasonably expect that the communication may be **overheard *or* recorded**.

Cal. Pen. Code § 632(c) (emphasis added)  Thus, a plaintiff must show not only that he had no actual knowledge that the conversation was recorded, he must show that he had an ***objectively reasonable expectation*** that the communication would not be overheard or

1 recorded. *Flanagan v. Flanagan*, 27 Cal. 4th 766, 768 (2002) ("[A] conversation is
2 confidential if a party to that conversation has an objectively reasonable expectation that
3 the conversation is not being overheard or recorded.").

4     Plaintiff clearly knew that his call was being recorded and any claim to the
5 contrary is objectively unreasonable:

6     First, while plaintiff alleges that he did not consent to ADT recording his
7 conversation, nowhere does he allege that he lacked ***knowledge*** that the call was being
8 recorded. For this reason alone, Plaintiff cannot establish his Section 632 claim. *Forest*
9 *E. Olson, Inc.*, 63 Cal. App. at 191 ("The . . . cause of action . . . pleads only that
10 petitioners recorded conversations without real party's consent. It does not say that real
11 party did not know that the recording was being made. . . . The . . . cause of action is
12 therefore demurrable.") (emphasis added).

13     Second, Plaintiff's own complaint establishes that he either actually knew that the
14 call was being recorded, or that he did not have an objectively reasonable basis for
15 believing otherwise. Plaintiff admits in the Complaint that he heard beeping sounds,
16 which is sufficient to provide him with notice that the call was being recorded. *See*
17 *California Public Utilities Comm'n Gen. Order,* 107-13; 47 C.F.R. § 64.501 (regulation
18 relating to phone companies stating that providing beeping tones is sufficient to record
19 call).[4] Moreover, he admits that the beeping sounds caught his attention, that he inquired
20 about the sounds and was immediately told that the call was being recorded. (*See*
21 Complaint, ¶¶ 10-11).

22     Third, although Plaintiff conveniently omits the fact from his Complaint, before
23 Plaintiff even spoke to an ADT representative, he received a message stating that his call

---

[4] While these regulations apply to telephone companies, the fact that both the California PUC and the FCC believe providing beep tones alone is sufficient to alert callers that their call is being recorded makes clear that Plaintiff could have no reasonable expectation that his calls would not be recorded.

#14000673 v4
-11-
DEFENDANTS ADT SECURITY SERVICES, INC. AND ADT SECURITY SYSTEMS, WEST, INC.'S NOTICE OF MOTION TO (1) DISMISS PLAINTIFF JOHN FAULKNER'S COMPLAINT; AND (2) STRIKE CLASS ALLEGATIONS – CV 11-0968-JSW

could be recorded.  *See* Exhibit 1.  Every customer who calls ADT is told that the call will be "monitored"[5] or "recorded."  *Id.*

Because Plaintiff's own complaint establishes that he had "knowledge" of the recording, or at a minimum had no reasonable basis for believing that the conversation would not be recorded, he cannot satisfy the elements of his claim under Penal Code Section 632(a) or section 632(c).  The Complaint should be dismissed.

**C.    If the Complaint is Not Dismissed in Its Entirety, the Class Allegations Should be Stricken.**

In the event that the Court chooses to deny any portion of the motion to dismiss, ADT requests alternative relief in the form of striking the class allegations in the Complaint because, as a matter of law, Plaintiff could never establish the necessary elements to certify as class.

Now is the appropriate time to consider whether this class can ever be certified – before defendants are put to the burden and expense of defending against class wide allegations where there is no hope that a class could ever be certified.  "Under Rules 23(c)(1)(A) and 23(d)(1)(D), as well as pursuant to Rule 12(f), this Court has authority to strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained."  *Tietsworth v. Sears, Roebuck and Co.*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010) (citations omitted).  Rule 23(c) states that the Court should determine "at an ***early practicable time***" whether to certify a putative class action.  Fed. R. Civ. P. 23(c) (emphasis added).  "Although in some cases a district court should allow discovery to aid the determination of whether a class action is maintainable, the ***plaintiff bears the burden of advancing a prima facie showing*** that the class action requirements

---

[5]  The definition of "monitor" includes "to record."  *See* Random House Dictionary, 2011 ed. (defining "monitor" to include, among other things, "to observe, record, or detect (an operation or condition) with instruments that have no effect upon the operation or condition."); World English Dictionary, 2011 ed. (defining "monitor" as "to observe or record (the activity or performance) of (an engine or other device).").

#14000673 v4

are satisfied or that discovery **is likely** to produce substantiation of the class allegations." *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985) (emphasis added).

Courts have thus not hesitated to rule on the propriety of class certification before discovery is permitted on the issue, where the complaint itself shows that no class can be maintained. *See, e.g., Hovsepian v. Apple, Inc.*, Case No. 08-5788 JF (PVT), 2009 U.S. Dist. LEXIS 117562, at *19 (N.D. Cal. Dec. 17, 2009)(wherein Judge Fogel struck class allegations that included individuals who lacked any claim against the Defendant, as such a class would not be "maintainable."); *M.S. Wholesale Plumbing, Inc. v. Univ. Sports Publ'ns Co.*, No. 4:07 CV 00730, 2008 WL 90022, at *6 (E.D. Ark. Jan. 7, 2008) ("In some cases, the propriety of certifying a class action can be decided before a motion for certification is filed and even before discovery on the certification issue.").[6]

Federal Rule of Civil Procedure 23(a) sets forth the basic prerequisites for maintaining a class action as follows:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

---

[6]   Determining whether the Complaint's class allegations are hopeless at the pleadings stage – before expensive discovery into the issue of class certification or class wide issues – is also appropriate under the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a class action brought under the federal antitrust laws.  In that case, the Court noted the importance of a rigorous analysis of the allegations in a complicated class action complaint at the pleadings stage because, among other things, "discovery can be expensive." *Id.* at 558.  The heightened *Twombly* standard applies to class action allegations, as well as the plaintiff's substantive allegations.  *Jue v. Costco Wholesale Corp.*, No. C 10-00033 WHA, 2010 U.S. Dist. LEXIS 22394, * 15 (N.D. Cal. Mar. 11, 2010) ("[P]laintiff is reminded that class certification discovery is not a substitute to the pleading requirements of Rule 8 and *Twombly*.  Class allegations must be supported by sufficient factual allegations demonstrating that the class device is appropriate and discovery on class certification is warranted.").

1   Fed. R. Civ. P. 23(a)  These factors are commonly referred to as "numerosity,

2   commonality, typicality, and adequacy of representation."  *Gen. Tele. Co. v. EEOC*, 446

3   U.S. 318, 330 (1980).  The burden is on the plaintiff to plead and prove that each of the

4   requirements of Rule 23 are met.  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614

5   (1997).

6         In addition to satisfying the above prerequisites, a class action seeking money

7   damages, such as this one, must also satisfy Rule 23(b)(3).  *See Amchem*, 521 U.S. at 613-

8   616; *see also Hovsepian*, 2009 U.S. Dist. LEXIS 117562, at *19 (Rule 23(b) is the proper

9   mechanism for seeking class relief, because a "Rules 23(b)(1) or Rule 23(b)(2)" are "not

10  suitable for actions where recovery of money damages is the primary relief sought by the

11  plaintiff.").  Among other things, a plaintiff seeking to bring a class action under Rule

12  23(b)(3) must show not only that common issues exist, but also that those common issues

13  ***predominate*** over individual issues – an issue of fundamental fairness, and not merely

14  judicial economy.  *See Amchem*, 521 U.S. at 623.  Moreover, a 23(b)(3) actions must be

15  superior to other methods of adjudicating the claims, and the court must consider whether

16  the putative class, as defined, would be manageable, including whether the proposed class

17  can be identified with reasonable particularity.  *Dumas v. Albers Med., Inc.*, Case No. 03-

18  0640 CV-W-GAF, 2005 U.S. Dist. LEXIS 33482, at *20-21 (W.D. Mo. Sept. 7, 2005)

19  ("Whether addressed under the heading of 'ascertainability' or 'manageability,' the fact

20  remains that in order for a class to be certified, the proposed class must be both

21  ascertainable in theory and readily identifiable (thus, administratively manageable) in

22  fact"; held, although class was ascertainable in theory, certification was denied because

23  individualized inquiries into each potential class member's circumstances would be

24  needed to see who purchased counterfeit pharmaceutical).

25        Here, individual issues would necessarily predominate over any common issues

26  because the causes of action alleged in the complaint put at issue the state of mind of each

27  of the putative class members.  To establish a claim for relief, each and every caller to

28  ADT must show that: (i) she neither "knew," nor "consented" to, the recording; and (ii)

1  she had an "objectively reasonable expectation" that the call would not be recorded,

2  notwithstanding the pre-recorded message and beep tones. *See* Penal Code § 632(c). As

3  discussed above, as a matter of law, any reasonable caller would understand that his call

4  was being recorded.

5  　　　　But even if the Court were to rule that a factual issue existed as to a caller's state of

6  mind or reasonable expectations in light of the call's circumstances, any given caller's

7  state of mind could never be proven on a common basis. *See, e.g., Lozano v. AT&T*

8  *Wireless Svc's*, 504 F.3d 718, 735 (9th Cir. 2007) (class certification should be denied

9  where Court must assess each class member's "reasonable expectations"); *Davis v.*

10  *Homecomings Fin.*, Case No. C05-1466RSL, 2006 U.S. Dist. LEXIS 77381 at *25 (W.D.

11  Wash. Oct. 10, 2006) (denying class certification where cause of action required inquiry

12  into the class members' state of mind, and citing numerous authorities); *Stratton v. Am.*

13  *Med. Sec. Inc.*, 266 F.R.D. 340, 353 (D. Ariz. 2009) (when analyzing a cause of action, if

14  the Court must "consider[] . . . each [potential class member's] reasonable expectations,

15  individual issues would outweigh any common ones so that the Court cannot certify a

16  class.").

17  　　　　Similarly, the class allegations should be dismissed because the class is not

18  ascertainable. Plaintiff's proposed class definition consists of ADT's California

19  customers whose calls with ADT "were recorded . . . without their consent . . . ." Compl.

20  at ¶ 13. Some of the putative class members undoubtedly knew of the recording or

21  monitoring of their calls, and, thus, the class includes people who have no claim against

22  ADT. Further, even plaintiff's own class definition – which is premised on the wrong

23  legal standard of persons who did not "consent" to calls as opposed to those who neither

24  knew of or consented to recording – is premised on the state of mind of each class

25  member. Such a class is unascertainable, since there is no way to determine which ADT

26  customers consented to (or knew of) the recording of their calls and which did not.

27  *Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 679 (S.D. Cal. 1999) ("A class description

28  is insufficient . . . if membership is contingent on the prospective member's state of

1   mind.") (*quoting Gomez v. Illinois State Bd. of Educ.*, 117 F.R.D. 394, 397 (N.D. Ill.

2   1987)); *Tietsworth*, 720 F. Supp. 2d at 1146 (citations omitted) (where class was defined

3   to include those with "no standing to sue," that class was not "ascertainable," and, thus,

4   Judge Fogel struck class allegations).

5       Thus, class treatment is not appropriate and the class allegations should be stricken.

6   *See* Fed. R. Civ. P. 23(b).

7   **D.   Defendants ADT Security Systems, West, Inc. and Tyco International**

8       **(US) Inc. Cannot Be Liable For Violations of Section 631 and 632.**

9       Plaintiff's contract states that his home monitoring service is provided by ADT

10  Security Systems, Inc. *See* Exhibit 2. The other two defendants did not provide

11  monitoring services and, thus, cannot be liable for violating Sections 631 and 632 as a

12  matter of law. *See Kahn*, 99 Cal. App. 3d at 815 ("[Penal Code] section 637.2 provides

13  for an action only against 'the person who committed the violation.'"). In *Kahn*, defendant

14  Melvin Kahn secretly recorded conversations and passed them on to other defendants,

15  who then passed that information on to third parties. *Id*. The Court held that such facts

16  did not "giv[e] rise to a violation of section 632 on the part of" those other defendants

17  who received the information from Kahn because they had not done the actual recording,

18  and that "as to them, the first amended complaint was properly dismissed." *Id*. [7]

19      As in *Kahn*, Tyco International (US) Inc. is not even accused of violating Section

20  632. While ADT Security Systems, West, Inc. has been lumped in with ADT Security

21

22  _____

23  [7] The other two defendants are improperly named for other reasons, too. ADT Security Systems, West, Inc., is a shell corporation that, while it still exists, has not done business since a reorganization of ADT around 1995. Plaintiff also appears to have mistakenly named Tyco

24  International (US) Inc. believing it to be ADT's parent company. ADT's parent company is Tyco International Ltd. which, for the reasons stated above and others, would not be a proper defendant

25  to this case. Tyco International (US) Inc. is not affiliated with the Tyco International Ltd., it was spun off several years ago and (assuming it still exists) is affiliated with a different entity, Tyco

26  Electronics Ltd. The undersigned do not represent that entity and, as far as counsel knows, it has

27  not been served.

28

1   Systems, Inc. as "ADT" in the Complaint, Exhibit 2 makes clear that these non-ADT
2   defendants should be dismissed with prejudice.

3   **IV.    <u>CONCLUSION.</u>**

4          Plaintiff's Penal Code section 631 claim is simply inapplicable as a matter of law,
5   because Plaintiff has not alleged, nor can he, that a "third party" recorded his conversation
6   with ADT.  Likewise the Penal Code section 632 claim also fails, because Plaintiff knew
7   that his call was being recorded and did not hold an "objectively reasonable expectation"
8   that his call would not be recorded.  Finally, the class allegations should be stricken due to
9   a lack of ascertainability; the predominance of individualized issues.

10         Thus, ADT respectfully requests that the Court dismiss Plaintiff's Complaint with
11  prejudice.

12  Dated: March 21, 2011                      PEPPER HAMILTON LLP

13

14                                             By: /s/ Jeffrey M. Goldman
15                                                 Jeffrey M. Goldman
16                                                 Attorney for ADT Security Services,
                                                   Inc. and ADT Security Systems, West,
17                                                 Inc.

18

19

20

21

22

23

24

25

26

27

28
DEFENDANTS ADT SECURITY SERVICES, INC. AND ADT SECURITY SYSTEMS, WEST, INC.'S NOTICE OF MOTION TO (1)
DISMISS PLAINTIFF JOHN FAULKNER'S COMPLAINT; AND (2) STRIKE CLASS ALLEGATIONS – CV 11-0968-JSW