Brian R. Strange, Bar No. 103252
lacounsel@earthlink.net
Gretchen Carpenter, Bar No. 180525
gcarpenter@strangeandcarpenter.com
John P. Kristensen, Bar No. 224132
jkristensen@strangeandcarpenter.com
STRANGE & CARPENTER
12100 Wilshire Blvd., Suite 1900
Los Angeles, California 90025
Tel: (310) 207-5055
Fax: (310) 826-3210

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FAULKNER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ADT SECURITY SERVICES, INC.; ADT SECURITY SYSTEMS, WEST, INC.; TYCO INTERNATIONAL (US) INC.; and DOES 1 through 10,<br><br>Defendants. | Case No. C 11-000968-JSW<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>**(Class Action)**<br><br>Date: May 13, 2011<br>Time: 9:00 a.m.<br>Courtroom: 11<br><br>Assigned to the Honorable Jeffrey S. White<br><br>Action Filed on February 3, 2011 |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . iii

I. SUMMARY OF ARGUMENT & INTRODUCTION . . . 1

II. CALIFORNIA'S STRICT RIGHT TO INDIVIDUAL PRIVACY . . 2

III. PLAINTIFF'S COMPLAINT STATES A CAUSE OF ACTION UNDER PENAL CODE § 632 . . . . . . . . . 2

    A. Plaintiff's Complaint Properly Pleads that Plaintiff was Unaware he was Being Recorded . . . . . . . 2

    B. Mid-Call Beep Tones do not Excuse a Penal Code § 632 Violation . 5

IV. ADT'S ATTEMPT TO INTRODUCE UNAUTHENTICATED EXTRINSIC EVIDENCE MUST BE REJECTED . . . . 6

V. RULE 12(f) MOTIONS TO STRIKE ARE DISFAVORED AND SHOULD NOT BE USED AS A VEHICLE FOR ARGUING THAT A CLASS CANNOT BE CERTIFIED . . . . . . . . 7

    A. Plaintiff Is Not Required to Establish the Requirements of Class Certification in His Complaint . . . . . . 7

    B. A Rule 23(d)(1)(D) Motion to Strike Class Allegations is Also Improper at This Early Stage . . . . . . 8

VI. THE COMPLAINT ADEQUATE ALLEGES THAT THE DEFENDANTS WERE AGENTS AND PRINCIPALS OF EACH OTHER . . . 10

VII. IN ANY CASE, LEAVE TO AMEND, NOT DISMISSAL, IS PROPER . 11

VIII. CONCLUSION . . . . . . . . . . 11

# TABLE OF AUTHORITIES

## FEDERAL CASES

*321 Studios v. Metropolitan Goldwyn Mayer Studios, Inc.*,
307 F. Supp. 2d 1085 (N.D. Cal. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Beauperthuy v. 24 Hour Fitness USA, Inc.*,
2006 WL 3422198 (N.D. Cal. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Bly-Magee v. California*,
236 F.3d 1014 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Escoe v. State Farm Fire and Casualty Co.*,
2007 WL 2903048 (E.D. La.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Faulkner v. Beer*,
463 F.3d 130 (2d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,6

*In re First Alliance Mortgage Co.*,
471 F.3d 977 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Gilligan v. Jamco Develop. Corp.*,
108 F.3d 246 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,2

*Grove v. Mead School District No. 354*,
753 F.2d 1528 (9th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Lopez v. Smith*,
203 F.3d 1122 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Mantolete v. Bolger*,
767 F.2d 1416 (9th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Membrila v. Receivables Performance Management, LCC*,
2010 WL 1407274 (S.D. Cal. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Moreno v. Baca*,
2000 WL 33356835 (C.D. Cal.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Padilla*,
389 B.R. 409 (E.D. Pa. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Pareto v. F.D.I.C.*,
139 F.3d 696 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Silverman v. Smithkline Beecham Corp.*,
2007 WL 3072274 (C.D. Cal. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Stratton v. America Medical Sec. Inc.*,
266 F.R.D. 340 (D. Ariz. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Thorpe v. Abbott Laboratories, Inc.*,
534 F. Supp. 2d 1120 (N.D. Cal. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

| | |
|---|---|
| *Tietsworth v. Sears, Roebuck and Co.*, 720 F. Supp. 2d 1123 (N.D. Cal. 2010) | 9 |
| *In re Wal-Mart Stores, Inc. Wage and Hour Litigation*, 505 F. Supp. 2d 609 (N.D. Cal. 2007) | 1,8 |

**STATE CASES**

| | |
|---|---|
| *Flanagan v. Flanagan*, 27 Cal. 4th 766 (2002) | 4,5 |
| *Frio v. Superior Court*, 203 Cal. App. 3d 1480 (1988) | 4,5 |
| *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95 (2006) | 1,5,6 |
| *O'Laskey v. Sortino*, 224 Cal. App. 3d 241 (1990) | 4 |
| *People v. Conklin*, 12 Cal. 3d 259 (1974) | 5 |
| *Rodgers v. Ulrich*, 52 Cal. App. 3d 894 (1975) | 5 |
| *Warden v. Kahn*, 99 Cal. App. 3d 805 (1979) | 10 |

**FEDERAL RULE**

| | |
|---|---|
| Federal Rule of Civil Procedure 12(b)(6) | 1 |

**STATE STATUTES**

| | |
|---|---|
| California Penal Code § 632 | 1,2,3,4,5,10 |
| California Penal Code § 632(c) | 4 |
| California Penal Code § 632(e) | 6 |

**STATE CONSTITUTIONS**

| | |
|---|---|
| Cal. Const. art. I, § 1 | 2 |

**OTHER**

| | |
|---|---|
| California Public Utilities Commission General Order 107-B(A)(1) | 1,7 |

## I. SUMMARY OF ARGUMENT & INTRODUCTION

Defendants ADT Security Systems, Inc. and ADT Security Systems, West, Inc.'s (herein collectively referred to as "ADT" or "Defendant") Motion to Dismiss or Alternatively to Strike Class Allegations is a shotgun approach for relief that ignores pleading requirements, the law, and the factual allegations in plaintiff John Faulkner's (hereinafter "Plaintiff") Complaint.

Plaintiff's Complaint specifically pleads that his confidential call regarding financial matters was recorded without his consent. Nothing more is needed to allege a California Penal Code § 632 violation. ADT fails to meet the *strict requirements* for a motion to dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6),[1] which is "viewed with disfavor and is *rarely granted*." Gilligan v. Jamco Develop. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (emphasis added). The motion should be denied on these grounds alone.

Defendant also "does not object" to turning its motion into a motion for summary judgment, while improperly seeking the introduction of unauthenticated extrinsic evidence and refusing to conduct an early Rule 26(f) conference so that Plaintiff can begin his discovery. Faulkner v. Beer, 463 F.3d 130, 134 (2d Cir. 2006). ADT's third procedural failure is its premature opposition to class certification disguised as an "alternative" motion to strike. In re Wal-Mart Stores, Inc. Wage and Hour Litig., 505 F.Supp.2d 609, 614 (N.D. Cal. 2007).

Notwithstanding ADT's procedural and evidentiary failings, its motion must be denied on the merits as well, for the following reasons: (1) a party may not remedy its failure to obtain consent at the outset of a telephone call under Penal Code § 632. Kearney v. Salomon Smith Barney, Inc., 39 Cal.4th 95, 118 (2006); (2) Plaintiff never consented to having his telephone call recorded, and, even if he was told the call was being "monitored" (a matter outside the pleadings for which no admissible evidence has even been submitted), monitoring is not synonymous with recording. California Public Utilities Commission General Order 107-B(A)(1); (3) ADT's motion to strike is premature and raises issues more appropriately decided in connection with class certification, after discovery. In re First Alliance Mortgage Co., 471 F.3d 977, 990 (9th Cir. 2006); and (4) the Complaint properly alleges the three defendants are in an agency relationship.

---

[1] Hereafter, all references to "Rules" are to the Federal Rules of Civil Procedure.

1

Plaintiff's Opposition to Defendants' Motion to Dismiss

## II. CALIFORNIA'S STRICT RIGHT TO INDIVIDUAL PRIVACY

California's right to privacy and privacy laws are among the strictest in the nation. In fact, Article I, Section 1 of the California Constitution contains an explicit right to privacy, not simply one found within the penumbra of implied rights. It is under this backdrop that the statute at issue in this case was enacted and should be viewed, particularly in the context of this pleading motion seeking dismissal before discovery has even started or a class certification motion has been filed.

## III. PLAINTIFF'S COMPLAINT STATES A CAUSE OF ACTION UNDER PENAL CODE § 632

Plaintiff's Complaint adequately alleges a claim for violating the California Invasion of Privacy Act's ("CIPA") prohibition on recording telephone calls without the consent of all parties under California Penal Code § 632.[2]

### (A) Plaintiff's Complaint Properly Pleads that Plaintiff was Unaware he was Being Recorded

"The motion to dismiss for failure to state a claim is viewed with disfavor and is *rarely granted*." Gilligan v. Jamco Develop. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (emphasis added). "On a motion to dismiss for failure to state a claim, the court must presume all factual allegations of the complaint to be true and *draw all reasonable inferences in favor of the nonmoving party*." Pareto v. F.D.I.C.,139 F.3d 696, 699 (9th Cir. 1998) (emphasis add).

ADT ignores or misinterprets the facts specifically pled in Plaintiff's Complaint regarding his telephone call with ADT. Defendant suggests that Plaintiff failed to specifically plead that he was unaware the call was being recorded and that he could not "allege" that he thought a phone call to dispute a bill would be private. The facts stated in the Complaint are very different from ADT's misrepresentations. Plaintiff's Complaint contains the following relevant factual allegations.

> On or about March 4, 2010, Plaintiff contacted his home security provider, ADT, via telephone to dispute a charge assessed by ADT. He was transferred to ADT's technical line, at which point he began hearing periodic beeping sounds during his conversation

---

[2] Plaintiff is dismissing his California Penal Code § 631 eavesdropping cause of action without prejudice, but he reserves the right to seek leave to reallege this claim if appropriate at a later stage of this case.

with the ADT representative. Upon inquiring about the beeping sounds, Plaintiff was informed by the representative that his telephone conversation was being recorded by ADT.

> Plaintiff informed the representative that he had not previously been notified that the conversation was being recorded; that he had not consented to the recording of his conversation; and that he did not wish to continue the conversation if ADT was going to record it. The representative informed him that he would have to contact the customer service line to discuss the issue.
>
> Plaintiff thereupon telephoned ADT's customer service line. He explained to the customer service representative that he had not consented to the recording of his telephone calls, and that he wished to speak with an ADT representative on a telephone line that was not being recorded. The representative informed him that ADT's company policy was to record all telephone calls with its customers, and that there was no way he could telephonically communicate with ADT without his conversations being recorded. The representative also informed him that if he would not consent to the recording of his telephone conversation, then he would need to hang up the telephone.

See Complaint ¶¶ 10-12.

The plain language of the Complaint states that Plaintiff was not previously notified he was being recorded and he never consented to his call being recorded. Id. Plaintiff's allegations fit squarely into a violation of California Penal Code § 632.

The statute at issue states, in pertinent part:

> (a) Every person who, intentionally and without the consent of all parties to a confidential communication, by means of any electronic amplifying or recording device, eavesdrops upon or records the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio, shall be punished by a fine not exceeding two thousand five hundred dollars...
>
> (b) The term "person" includes an individual, business association, partnership, corporation, limited liability company, or other legal entity, and an individual acting or purporting to act for or on behalf of any government or subdivision thereof, whether federal, state, or local, but excludes an individual known by all parties to a confidential communication to be overhearing or recording the communication.
>
> (c) The term "confidential communication" includes any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto, but excludes a communication made in a public gathering or in any legislative, judicial, executive or administrative proceeding open to the public, or in any other circumstance in which the parties to the communication may reasonably expect that the communication may be overheard or recorded.

There are three elements that must be pled: (1) a party intentionally records a telephone communication; (2) at least one party does not consent to the call being recorded; (3) the conversation is a "confidential communication." The Complaint adequately states facts to support

3

1  all three elements.

2  First, the telephone call was recorded. ADT's representative informed Mr. Faulkner the call was in fact recorded, and that ADT always records its telephone calls. <u>See e.g.</u>, Complaint ¶¶ 10 and 12.

Second, Plaintiff succinctly pled that "he had not consented to the recording of his telephone calls." <u>Id.</u> Complaint ¶ 11. Thus, Plaintiff alleges that he believed the telephone call was not being recorded, and he never consented to it being recorded. Plaintiff was on the phone with ADT discussing a disputed billing charge when he heard a beep tone. Plaintiff informed the ADT operator he never provided consent to be recorded and was not told the call would be recorded, then requested to continue the conversation without being recorded. The Complaint is clear that Plaintiff was unaware he was being recorded until he heard the beep tones and asked what they were. Plaintiff obviously could not provide consent to being recorded when he had no knowledge he was being recorded. ADT's contention that Plaintiff must plead both that he lacked knowledge and that he did not provide consent therefore makes no sense.

The last element is whether Plaintiff's call to dispute a billing charge would be considered a "confidential communication," which "includes any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto." Cal. <u>Penal Code</u> § 632(c). As set forth above, Plaintiff alleges that he did not want the call to be recorded – i.e., he "desire[d] it to be confined to the parties thereto." Thus, Plaintiff has alleged a "confidential communication."

The California Supreme Court clarified the definition of a "confidential communication" in <u>Flanagan v. Flanagan</u>, 27 Cal.4th 766 (2002). The California Courts of Appeal had two competing definitions of what is considered a "confidential communication." The <u>Frio</u> line of authority held that a conversation is confidential if a party to that conversation has an objectively reasonably expectation that the conversation is not being overheard or recording. <u>Frio v. Superior Court</u>, 203 Cal.App.3d 1480 (1988). The less protective test was the <u>O'Laskey</u> line of authority. That definition held that a conversation is only confidential if the party has a reasonable expectation that the content will not later be divulged to a third party. <u>O'Laskey v. Sortino</u>, 224

4

Plaintiff's Opposition to Defendants' Motion to Dismiss

Cal.App.3d 241 (1990). The California Supreme Court ruled that the more protective <u>Frio</u> test applied in light of California's strongly guarded policy supporting privacy rights. <u>Flanagan</u>, <u>supra</u>, 27 Cal.4th at 775-76 (2002).

Plaintiff called ADT to discuss a private financial matter regarding his bill. He was never told that his call was being recording. It was entirely reasonable that Plaintiff did not believe he was going to be recorded. The conversation was a private discussion regarding finances, and no one informed him that his call would be recorded. As pled, Plaintiff has stated a cause of action under <u>Penal Code</u> § 632.

**(B)     Mid-Call Beep Tones do not Excuse a Penal Code § 632 Violation**

ADT contends that, as a matter of law, the beep tones that started in the middle of the telephone call act as an exception to Penal Code § 632. However, the California Supreme Court has held otherwise. In <u>Kearney v. Salomon Smith Barney, Inc.</u>, 39 Cal.4th 95, 118 (2006), the California Supreme Court found that it is a violation of the Privacy Act to fail to inform all parties **at the outset of a conversation** that the call is in fact being recorded. The United States District Court for the Southern District of California also recently denied a motion to dismiss a Penal Code § 632 claim where a Plaintiff was informed he was being recorded after the outset of the call. <u>Membrila v. Receivables Performance Management, LCC</u>, 2010 WL 1407274 (S.D. Cal. 2010).

ADT cites an FCC tariff regulation and California regulations of telephone companies permitting beep tones to provide notice of recording.[3] ADT is improperly seeking a de facto ruling that the FCC regulations preempt the California Invasion of Privacy Act. The California Supreme Court "found no intent by Congress to occupy the entire field involving the interception of communications nor any conflict between title III and section 631 that would require the latter to yield to the supremacy clause," and held that California "is free to enforce the prescriptions of section 631." <u>People v. Conklin</u>, 12 Cal.3d 259, 272 (1974). The court in <u>Kearney</u> recently revisited <u>Conklin</u> and again held there was no basis for concluding that California law is

---

[3] ADT also cites to <u>Rodgers v. Ulrich</u>, 52 Cal.App.3d 894, 897 (1975) to suggest that beep tones provide evidence the call is being recorded. The case made no such finding or suggestion.

5

Plaintiff's Opposition to Defendants' Motion to Dismiss

preempted by federal law pertaining to recording telephone calls. Kearney, supra, 39 Cal.4th at 106.

Just like the FCC regulation does not apply to ADT, neither does the California telephone company regulation. It is undisputed that ADT is not a telephone company. Further, there is a separate statutory scheme just for public utilities in California. Penal Code § 632(e) specifically excludes telephone companies from the prohibition on recording confidential communications, but ADT is not a telephone company. The "beep tones" do not relieve ADT of its duty to inform callers at the outset of a call that the call is being recorded.

## IV. ADT'S ATTEMPT TO INTRODUCE UNAUTHENTICATED EXTRINSIC EVIDENCE MUST BE REJECTED

ADT improperly attempts to argue outside the four corners of the Complaint by introducing unauthenticated extrinsic evidence and suggesting via a footnote that the Court convert the motion into a Motion for Summary Judgment. This effort must fail, among other reasons, because the alleged records are unauthenticated, and material issues of the facts remain.[4] Faulkner v. Beer, 463 F.3d 130, 134 (2d Cir. 2006).

First, the recordings and the additional extrinsic facts referenced in ADT's motion are not authenticated. There is not even a declaration attesting to the alleged recordings. No testimony exists evidencing that every ADT incoming call receives one of four pre-recorded messages. There is no explanation of which incoming calls receive which messages. For instances, what callers are told they **may be monitored** compared to the messages that tell callers they **may be recorded?** In fact, even with respect to Plaintiff, ADT says only that it "believes" he was told his call was being monitored. ADT's motion should be denied on this basis alone.

Even if the Court considers the merits of ADT's motion based on its unauthenticated evidence, this motion should still be denied because material issues of fact remain. ADT contends that Plaintiff was informed his call "may be monitored" at the outset. Even if it is true that he was

---

[4] In any event, Plaintiff believes that class certification should proceed prior to any motion for summary judgment by Defendant, so that, if a class is certified, and notice is provided to the class, any rulings on the merits, whether in Plaintiff's or Defendant's favor, will apply to all class members alike.

told this, this was a false statement. As Plaintiff has alleged, ADT in fact "<u>records</u>" all telephone calls. <u>See e.g.</u>, Complaint ¶12. Plaintiff was not told he was being <u>recorded</u>.

California Public Utilities Commission General Order 107-B ("General Order"), which regulates public telephone companies, has specific definitions for "monitoring" and "recording." "Monitoring" is defined as "the use of monitoring equipment to allow a third person to overhear the telephone conversation of two or more persons." General Order 107-B(A)(1). "Recording" is defined as the "recording or transcribing of any telephone conversation by means of any electronic device." General Order 107-B(A)(2). While these regulations pertain to telephone companies, they are useful to discern the important distinction between monitoring and recording.

Being told that a telephone call <u>may</u> potentially be <u>monitored</u> does not inform the caller they <u>are</u> being <u>recorded</u>. There is a distinct difference between the two. Monitoring means there could be another person at the company who is listening. It is objectively reasonable to believe that if someone informs you a call may be monitored, that you are not, in fact, being recorded. Furthermore, ADT's statement that callers "may" be monitored (if in fact it makes such a statement) is false. As Plaintiff has alleged, ADT admits it records all calls, not that it may or may not do so.

The statement that a caller "may be monitored" does not provide a person with knowledge that the call is being recorded. Plaintiff did not provide consent. Even if considered a summary judgment motion, material issues of fact remain, and this motion should be denied.[5]

## V. <u>RULE 12(f) MOTIONS TO STRIKE ARE DISFAVORED AND SHOULD NOT BE USED AS A VEHICLE FOR ARGUING THAT A CLASS CANNOT BE CERTIFIED</u>

### (A) <u>Plaintiff Is Not Required to Establish the Requirements of Class Certification in His Complaint</u>

Section C of ADT's Motion purports to argue that Plaintiff has not "pled" and cannot

---

[5] Should this Court nevertheless consider ADT's motion based on its unauthenticated evidence, at the very least, the hearing must be stayed, and Plaintiff given time and the opportunity to conduct discovery. <u>Grove v. Mead School Dist. No. 354</u>, 753 F2d 1528, 1532 (9th Cir. 1985).

"plead" the requirements for class treatment. Not only is this not true (see Complaint, ¶¶ 13-23), but the argument is actually a thinly-disguised attempt to apply the requisite standards for a class certification motion to a complaint setting forth class allegations. "Pleadings that set forth class claims are distinct from the required motion for class certification." Escoe v. State Farm Fire and Cas. Co., 2007 WL 2903048 at *2 (E.D. La.). See also Thorpe v. Abbott Laboratories, Inc., 534 F.Supp.2d 1120, 1125 (N.D. Cal. 2008) ("Motions to strike class allegations are disfavored... a motion for class certification is a more appropriate vehicle"); In re Wal-Mart Stores, Inc. Wage and Hour Litig., 505 F.Supp.2d 609, 614 (N.D. Cal. 2007) ("Generally, courts review class allegations through a motion for class certification."); Moreno v. Baca, 2000 WL 33356835 at *2 (C.D. Cal.) (finding defendants' motion to strike class allegations premature because no motion for class certification was before the court).

Plaintiff's Complaint is not a motion for class certification, and ADT's attempt to treat it as such simply highlights the prematurity of its class certification attack. ADT's Rule 12(f) class certification argument should await decision until Plaintiff files his class certification motion.

**(B)** **A Rule 23(d)(1)(D) Motion to Strike Class Allegations is Also Improper At this Early Stage**

ADT seeks to strike Plaintiff's class allegations pursuant to Rule 23(d)(1)(D). However, it is established law that Rule 23(d)(1)(D) motions to strike class allegations should only be brought *after* a class certification motion. The law is also clear that such motions should not be brought before class discovery has been completed.[6] For instance, in Beauperthuy v. 24 Hour Fitness USA, Inc., 2006 WL 3422198 at *3 (N.D. Cal. 2006), the court held:

> Defendants' Rule 23(d)(4) motion is an improper attempt to argue against class certification before the motion for class certification has been made and while discovery regarding class certification is not yet complete... An examination under Rule 23(c) whether to certify a class is "procedurally inseparable" from a determination under Rule 23(d)(4) whether the Court, on the basis of that examination, should require an amendment of the pleadings... ***It would be improper to allow Defendants to slip through the backdoor what is essentially an opposition to a motion for class certification before Plaintiffs have made such a motion and when discovery on the issue is still on-going.***

---

[6] Plaintiff has not yet had an opportunity to conduct discovery, and will not until the parties conduct their Rule 26(f) meeting, for which the deadline is not until May 27, 2011.

Id. at *3 (emphasis added).[7] See also In re Padilla, 389 B.R. 409, 448 (E.D. Pa. 2008) ("***The general rule is that Rule 23(d)(1)(D) motions to strike class allegations "are premature and that the proper avenue is to oppose the plaintiff's motion for class certification.***"") (emphasis added, internal citations omitted); Silverman v. Smithkline Beecham Corp., 2007 WL 3072274 at *2 (C.D. Cal. 2007):

> Defendant argues that Plaintiffs cannot achieve class certification for his state law claims under Rule 23 because Plaintiffs cannot demonstrate that the class, as alleged, will meet the Rule 23 requirements of commonality and superiority. The Court agrees with Plaintiffs that Defendant's arguments on the Rule 23 factors are premature. The Court declines to rule on Rule 23 class certification in this procedural posture with such a scant development of the arguments and will instead wait for full dedicated briefing on the class certification issue at the appropriate time.

Because Plaintiff has not yet had the opportunity to conduct *any* discovery in this case, let alone to complete his class certification discovery and present his class certification motion to the Court, ADT's "motion to strike" Plaintiff's class allegations under Rule 23(d)(1)(D) is premature and should be denied outright.

The two main cases that ADT relies on for the timing of its premature Rule 23(d)(4) motion are Mantolete v. Bolger, 767 F.2d 1416, 1424 (9th Cir. 1985) and Tietsworth v. Sears, Roebuck and Co., 720 F.Supp.2d 1123, 1147 (N.D. Cal. 2010). Montelete was an appeal by a handicapped postal worker who lost an employment discrimination trial. The Ninth Circuit found the denial of class discovery was not an abuse of discretion requiring the individual trial verdict to be reversed. The Tietsworth court struck part of plaintiff's claim for washing machines that had not failed, and permitted plaintiff leave to amend the complaint to just include class members whose machines in fact broke. Neither case supports ADT's contention that discovery and a motion for class certification are unnecessary.

ADT's main argument on the merits is that a class can never be certified if class members' specific intent must be proven. However, no such specific intent will be necessary here. The question will be whether anyone should expect their telephone calls to be recorded, when they are provided with no warning whatsoever. Determining whether a call is considered a

---

[7] Prior to the 2007 restyling of the Rules, the content of current Rule 23(d)(1)(D) was found in former Rule 23(d)(4).

1  "confidential communication" is an objective test. The test for whether there are adequate

2  warnings to inform a party they are being recorded is also objective. The focus is on whether

3  there were objectively reasonable warnings by ADT that the call will in fact be recorded and/or

4  the opportunities (or lack thereof) to opt out. If the average person would realize that they are, in

5  fact, being recorded, and given up their explicit constitutional right to privacy, then there is no

6  violation of Penal Code § 632. This is a question common to the class. The test for whether

7  someone should realize a call is being recorded, under one or two scenarios, is an objectively

8  reasonable standard, and therefore also a common issue for class certification.

The cases ADT cites do not provide the hard and fast rule it advocates regarding intent. For instance, Stratton v. Am. Med. Sec. Inc., 266 F.R.D. 340, 353 (D. Ariz. 2009) involved a motion for class certification for a breach of contract claim with a health insurance company. The court found the intent of the parties in entering into each contract predominated. The class members there were told separate representations by different sales persons. What each individual was told by different representatives, and why they believed the different false statements created multiple scenarios that outweighed the issues the parties had in common. We do not have that problem here. Since there is either no pre-recorded message, or potentially one or two types of messages, the representations made by the defendant to the class members are limited and the individual issues do not predominate the claims. How class members react to one or two different messages, even if relevant at all, does not predominate the common issues.

It is also important to note that Plaintiff here has also alleged an injunctive relief class under the equivalent of Rule 23(b)(2). See Complaint, ¶ 23. For certification under Rule 23(b)(2), "predominance" is not even a requirement, and ADT's entire argument does not even apply.

## VI. THE COMPLAINT ADEQUATELY ALLEGES THAT THE DEFENDANTS WERE AGENTS AND PRINCIPALS OF EACH OTHER

Defendant cites Warden v. Kahn, 99 Cal.App.3d 805 (1979) for the proposition that claims against people who received illegal telephone recordings must be dismissed. ADT contends that only one defendant, ADT Security Systems, Inc., should remain because that was

Plaintiff's Opposition to Defendants' Motion to Dismiss

the entity that records the telephone calls. The Complaint does not allege that the three named defendants swapped the recordings between themselves. ADT ignores paragraph 9 of the Complaint which states that the defendants, ADT Security Systems, Inc., ADT Security Systems, West, Inc. and their parent company TYCO International (US), Inc. are each agents and principals of each other. In short, the Complaint alleges that all three Defendants are responsible for the acts alleged. As pled, that claim must stand.

## VII. IN ANY CASE, LEAVE TO AMEND, NOT DISMISSAL, IS PROPER

Finally, if this Court is inclined to grant ADT's Motion in any part, Plaintiff respectfully requests leave to amend the complaint accordingly. "[The Ninth Circuit courts] consistently have held that leave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (citing Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)). See also 321 Studios v. Metro Goldwyn Mayer Studios, Inc., 307 F.Supp.2d 1085, 1091-92 (N.D. Cal. 2004) (noting that amendment should be granted unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.") (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

## VIII. CONCLUSION

For the foregoing reasons, ADT's Motion should be denied, and it should be ordered to answer the Complaint.

DATED: April 22, 2011                      Respectfully submitted,

                                             STRANGE & CARPENTER

                                             By: __/s/ Gretchen Carpenter__
                                                    Gretchen Carpenter
                                                    Attorneys for Plaintiff