IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN FAULKNER,

    Plaintiff,

    v.

ADT SECURITY SERVICES, INC., ET AL.,

    Defendants.

No. C 11-00968 JSW

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Now before the Court is the motion of Defendants ADT Security Services, Inc. ("ADT") and ADT Security Systems, West, Inc. ("ADT West") to dismiss the complaint filed by Plaintiff John Faulkner ("Plaintiff") or, in the alternative, to strike class allegations. The matter is now fully briefed and ripe for decision. The Court finds that these matters are appropriate for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing on the motion to dismiss set for May 13, 2011 is hereby VACATED.

The Court declines review of the recordings of Plaintiff's telephone calls proffered by ADT and overrules Plaintiff's objection as moot. (Doc. no. 25.)

**BACKGROUND**

On February 3, 2011, Plaintiff filed this putative class action in the Superior Court in and for the County of San Mateo against ADT, ADT West and Tyco International (U.S.) Inc. ("Tyco") (collectively, "Defendants"), alleging claims for violation of California's privacy laws. ADT is Plaintiff's home security provider. (Compl. ¶ 10). On or about March 4, 2010, Plaintiff called ADT to dispute a charge assessed by ADT. (*Id.*) Plaintiff alleges that, "[h]e

was transferred to ADT's technical line, at which point he began hearing periodic beeping sounds during his conversation with the ADT representative." (*Id.*)  Plaintiff asked about the beeping and was told that his conversation was being recorded by ADT. (*Id.*).  Plaintiff informed the ADT representative that he had not been previously notified that the conversation was being recorded and that he had not consented to the recording of his conversation. (*Id.* ¶ 11.)  After telephoning ADT's customer service line to discuss the issue, Plaintiff alleges that he refused to consent to being recorded, at which point the conversation ceased. (*Id.* ¶ 12.)

Plaintiffs alleges causes of action for violation of California Penal Code Sections 632 and 631 for recording a telephone call without his consent.  Plaintiff seeks to represent the class of "[a]ll persons and entities in California whose telephone conversations with [ADT, ADT West and/or Tyco] were recorded by one or more of the Defendants without their consent to the recording of their conversations. (Compl. ¶ 13.)  ADT and ADT West removed the action to this Court on March 2, 2011.  ADT now moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") or, in the alternative, strike the class allegations.

**ANALYSIS**

**A.   LEGAL STANDARD**

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted.  The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986).  The Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when the authenticity of those documents is not questioned, and other matters of which the Court can take judicial notice. *Zucco Partners LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009).

Rule 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Even under the liberal pleading standard of Rule 8(a), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

2

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556-57) (internal quotation marks omitted).

**B.    FAILURE TO STATE A CLAIM**

**1.    SECTION 632**

California's invasion of privacy law prohibits the recording of a two-way telephone call if one party does not know about the recording. Cal. Penal Code § 632. In *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal.4th 95, 117 (2006), the California Supreme Court recognized that

> [u]nder subdivision (a) of section 632, "[e]very person who, intentionally and without the consent of *all* parties to a confidential communication, by means of any electronic amplifying or recording device, . . . records the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device" [italics added in original], violates the statute and is punishable as specified in the provision. . . . Section 632, subdivision (c), in turn, provides that "[t]he term 'confidential communication' includes any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto, *but excludes a communication made in a public gathering ... or in any other circumstance in which the parties to the communication may reasonably expect that the communication may be overheard or recorded*." (Italics added in original.)

A party to a telephone conversation violates Section 632 by "recording the conversation without first informing all parties to the conversation that the conversation is being recorded." *Kearney*, 39 Cal.4th at 118. Section 637.2 of the Penal Code creates a statutory private right of

1  action, "authorizing any person who has been injured by any violation of the
2  invasion-of-privacy legislation to bring a civil action to recover damages and to obtain
3  injunctive relief in response to such violation." *Id.* at 115-16.

4  Plaintiff alleges that Defendants violated Section 632 by recording confidential
5  telephonic communications without first obtaining his consent and that the conversations are
6  confidential "because they are carried on in circumstances as may reasonably indicate that any
7  party to the communication desires it to be confined to the parties thereto." (Compl. ¶¶ 26, 27.)
8  Plaintiff alleges that he was not told at the outset of the conversation that his call was being
9  recorded. Plaintiff does not concede that he was informed at the outset of his telephone call that
10 his call "may be monitored," but argues that even if he was so informed, that he was not told he
11 was being recorded. (Pl's Opp. to Motion to Dismiss ("Opp.") at 6-7.) Taking the allegations
12 of the Complaint to be true, Plaintiff has alleged that he was not sufficiently advised that his
13 telephone call would be recorded.

14 Plaintiff must further allege that the telephone call to ADT was a confidential
15 communication under Section 632(c). *Kearney* recognized that a conversation is confidential
16 within the meaning of Section 632 "'if a party to that conversation has an objectively
17 reasonable expectation that the conversation is not being overheard or recorded.'" 39 Cal.4th at
18 117 n.7 (quoting *Flanagan v. Flanagan*, 27 Cal.4th 766, 776-77 (2002)). In *Kearney*, the
19 California Supreme Court recognized that callers from California who made telephone calls to
20 financial advisors in Georgia had a reasonable expectation of privacy in conversations in light
21 of the "strong privacy interest most persons have with regard to the personal financial
22 information frequently disclosed in such calls." *Id.* at 118 n.10.

23 Construing the Complaint in the light most favorable to Plaintiff, the Court determines
24 that Plaintiff had no objectively reasonable expectation that his telephone conversation with
25 ADT would not be overheard or recorded, despite Plaintiff's allegation that he "desire[d] it to
26 be confined to the parties thereto." (Compl. ¶ 27; Opp. at 4.) "The test of confidentiality is an
27 objective one defined in terms of reasonableness." *Frio v. Superior Court*, 203 Cal.App.3d
28 1480, 1488 (1988) (citation omitted). Plaintiff's subjective beliefs that his telephone call was

4

not being recorded, standing alone, are not sufficient to support the objective determination whether the conversation was confidential under Section 632. Courts that have decided the issue whether a communication was confidential under Section 632 have considered the surrounding circumstances to determine whether the parties had an objectively reasonable expectation that the conversation is not being recorded or overheard. *See Flanagan*, 27 Cal. 4th at 776-77 (remanding for consideration whether son had objectively reasonable expectation that his private telephone conversations with his father were not being recorded by the father's wife); *Nissan Motor Co., Ltd. v. Nissan Computer Corp.*, 180 F. Supp. 2d 1089, 1093-94 (C.D. Cal. 2002) (conversations between counsel concerning litigation related matters are confidential communications within the meaning of Section 632); *Frio v. Superior Court*, 203 Cal.App.3d 1480 (1988) (clients of record producer had reasonable expectation of privacy where "[a]ll the telephone communications were conducted on a one-on-one basis and related to a profitable venture which the speaker reasonably might expect would be confined to the parties"); *People v. Pedersen*, 86 Cal.App.3d 987, 994 (1978) ("The nature of the meeting and the manner in which it was carried out are such that the court could reasonably conclude that it was no different than other business meetings of the parties that were not confidential."). Plaintiff fails to allege any circumstances or present any argument to support an objectively reasonable expectation that his telephone call regarding a billing dispute to ADT, a home security provider, would not be recorded, overheard or monitored.

In opposition to the motion to dismiss, Plaintiff cites *Membrila v. Receivables Performance Management, LLC*, 2010 WL 1407274 (S.D. Cal. April 6, 2010). There, the court denied the defendant's motion to dismiss the Section 632 claim based on allegations that the plaintiff was not given notice at the outset that the call was being recorded. Although the *Membrila* court did not address the "confidential communication" requirement under Section 632(c), the Court determines that the recorded telephone calls at issue there, which were initiated by the debt collector who discussed the plaintiff's debt and salary in an attempt to collect payment, present circumstances likely to support a reasonable expectation of confidentiality that are distinguishable from this case. Here, Plaintiff called ADT "to dispute a

charge assessed by ADT." (Compl. ¶ 10.) Plaintiff has not alleged what circumstances would support an expectation of privacy in such a call. This telephone call did not concern "personal financial affairs" as in *Kearney*, private family matters as in *Flanagan*, or other circumstances that would create a reasonable expectation that the conversation would not be recorded. Based on the nature of ADT's business, i.e., home security, and the character of the telephone call, i.e., a billing dispute, an ADT customer calling ADT to dispute a charge would not have an objectively reasonable expectation that the call would not be recorded or overheard.

Plaintiff contends that leave to amend is proper but offers no additional allegations that would satisfy the "confidential communication" requirement under Section 632. (Opp. at 11.) The Court determines that amendment would be futile and grants the motion to dismiss.

**2.   SECTION 631**

Plaintiff voluntarily dismisses his claim under Penal Code Section 631 without prejudice. (Opp. at 2 n.2.)

**CONCLUSION**

For the reasons set forth above, the Court GRANTS ADT and ADT West's motion to dismiss the complaint pursuant to Rule 12(b)(6) WITH PREJUDICE. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: May 12, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE